DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Robert John, was convicted and sentenced by the Lucas County Court of Common Pleas for the offenses of aggravated burglary and attempted rape. From that judgment, appellant now brings this appeal as of right. For the following reasons, we affirm appellant's conviction and sentence, but we vacate the imposition of costs.
 {¶ 2} On January 3, 2003, appellant was indicted for aggravated burglary, a first degree felony and a violation of R.C. 2911.11(A)(1), with a repeat violent offender specification pursuant to R.C. 2941.149. Appellant was also indicted for rape, a violation of R.C. 2907.02(A)(2), with a repeat violent offender specification pursuant to R.C. 2941.149. At the arraignment on January 27, 2003, appellant entered a plea of not guilty to both offenses. On February 7, 2003, appellant entered a plea of not guilty by reason of insanity. On February 10, 2003, he was ordered to be transferred to the Court Diagnostic and Treatment Center for a criminal responsibility evaluation.
 {¶ 3} On July 14, 2003, appellant withdrew his plea of not guilty by reason of insanity and entered a guilty plea to aggravated burglary and attempted rape, a violation of R.C. 2923.02, 2907.02(A)(2). The guilty pleas were entered orally and in writing, pursuant to North Carolina v.Alford (1970), 400 U.S. 25. The pleas were accepted, and the court found appellant guilty of both offenses. The prosecution submitted a nolle prosequi as to the repeat violent offender specifications attached to both counts. Appellant was referred to the Court Diagnostic and Treatment Center for a sexual offender classification evaluation pursuant to R.C.2950.01 et seq., and to the Lucas County Adult Probation Department for presentence investigation and report.
 {¶ 4} On August 27, 2003, the trial court held a Sexual Classification Hearing to determine appellant's sexual offender status, pursuant to H.B. 180 and R.C. 2950.04. After considering the presentence investigation report and arguments of both appellant and the prosecution, the trial court found clear and convincing evidence to support a sexual predator classification as defined by R.C. 2950.01(E). Appellant was ordered to submit DNA pursuant to R.C. 2929.13(H) and he was notified of his duties to report according to the sexual predator classification. Appellant does not appeal his sexual predator classification.
 {¶ 5} Immediately thereafter, the trial court proceeded to hold the sentencing hearing. At that hearing, the trial court sentenced appellant to a term of ten years for aggravated burglary. A ten-year sentence is maximum sentence for this offense pursuant to R.C. 2911.11(A)(1). The trial court then sentenced appellant to a term of eight years for attempted rape, the maximum sentence for that offense. The eight-year sentence for rape was ordered to run consecutively to the sentence for aggravated burglary, for a total term of 18 years incarceration. For both convictions, the trial court ordered appellant to pay all costs of prosecution and any fees permitted pursuant to R.C. 2929.18.
 {¶ 6} In this appeal as of right, appellant sets forth the following assignments of error:
 {¶ 7} "I. Defendant Appellant's [sic] sentences should be reversed as the trial court failed to comply with the mandates of Revised Code §2929.14 and they are not supported by the record.
 {¶ 8} "II. The trial court erred to the detriment of the defendant-appellant when it ordered the defendant-appellant to pay court costs, court appointed counsel fees, and unspecified fees."
 {¶ 9} In his first assignment of error, appellant asks this court to find that the trial court failed to comply with the sentencing statute requirements. Pursuant to the sentencing statutes, R.C. 2953.14 et seq., a trial court is required to place certain findings on the record, both when imposing a maximum sentence and when imposing consecutive sentences.
 {¶ 10} An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cross v. Ledford (1954), 161 Ohio St. 469, at paragraph three of the syllabus. We are neither to substitute our judgment for that of the trial court nor defer to the trial court's discretion. State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statement. R.C.2953.08(F)(1)-(3). See, also, State v. Boshko (2000),139 Ohio App.3d 827, 835. "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." In re Mental Illness of Thomas (1996),108 Ohio App.3d 697, 700.
 {¶ 11} We first review the trial court's imposition of the maximum sentences for both offenses. Ohio's statutory scheme disfavors maximum sentences generally. State v. Edmonson (1999), 86 Ohio St.3d 324, 325. Pursuant to the sentencing statutes, trial courts must "record findings that give its reasons for selecting the maximum" for any offense. Id.; R.C. 2929.19(B)(2)(d). The trial court found that appellant had served a previous prison term. Therefore, R.C. 2929.14(C) applies, and required the court to have found that one of the four listed conditions applied to appellant. R.C. 2929.14(C) prohibits a court from imposing the maximum sentence except for offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." A trial court must state at the sentencing hearing that at least one of the conditions exists. See Statev. Seitz (2001), 141 Ohio App.3d 347. Appellant argues that the court did not place any required findings on the record.
 {¶ 12} Appellant's arguments are belied by the transcript of the sentencing hearing. The trial court found that appellant had committed the worst form of the offense, and explicitly stated the circumstances of these crimes in support of the finding. Appellant went to the home of his 91 year old victim, and under the guise of asking her for work, entered her home with force, committed the offense of burglary, "brutally beat [her] causing injury," and then committed the second offense, attempted rape. The trial court also found that appellant had served prior prison terms for committing violent felonies. Further, with reference to the presentence investigation report, the court found that appellant posed the greatest likelihood of committing future crimes. Upon review of the record, including the presentence investigation report, we find the trial court had sufficient evidence before it to support these findings and the imposition of the maximum sentences for aggravated burglary and rape.
 {¶ 13} Turning to the consecutive aspect of the sentences, trial courts "may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors." State v. Comer (2003),99 Ohio St.3d 463, 466, discussing R.C. 2929.14(E)(4). "First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Id., internal citations omitted. The circumstances listed in R.C. 2929.14(E)(4) provide:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 17} Additionally, a trial court must comply with R.C. 2929.19(B) in order to impose consecutive sentences. 99 Ohio St.3d at 467. This statute governs requirements for sentencing hearings. A trial court must not only orally state the findings and its reasons on the record at the sentencing hearing, but the duty to make the findings is separate and distinct from the duty to give reasons for selecting consecutive sentences. Id. at 467 and paragraph one of the syllabus.
 {¶ 18} The trial court found that the required conditions and circumstances were met. We find from the record that there was sufficient evidence before the trial court to clearly and convincingly support its findings. The trial court orally stated its findings and the reasons for its findings at the sentencing hearing. First, the trial court stated that appellant possessed the greatest likelihood of recidivism; the reason stated in support was the contents of the presentence investigation report and his prior violent felony convictions. Second, the trial court stated that the danger posed to the public was sufficiently high to warrant consecutive sentences; the reason stated in support was the likelihood of recidivism. With respect to the second requirement, the trial court also found consecutive sentences proportionate to the seriousness of appellant's conduct and proportionate to the danger appellant poses to the public. Both findings were also supported with reference to the presentence investigation report and the circumstances of the offenses. Third, the trial court stated the condition listed in R.C. 2929.14(E)(4)(b), finding that the harm caused by these two offenses was great and unusual, and the condition of R.C.2929.14(E)(4)(c), finding that appellant's history of criminal conduct warranted consecutive sentences to protect the public from future crimes.
 {¶ 19} In sum, the trial court stated all the required conditions of R.C. 2929.14, and found sufficient reasons pursuant to that section to warrant imposing consecutive sentences. The conditions, and reasons in support of the conditions, were stated at the sentencing hearing as required by R.C. 2929.19(B). Appellant's maximum and consecutive sentences are clearly and convincingly supported by the record and not contrary to law. Thus, appellant's first assignment of error is not well-taken.
 {¶ 20} In his second assignment of error, appellant argues that the trial court's imposition of the costs of prosecution and other costs was erroneous as he was found to be indigent for the purpose of appointing trial counsel. At the sentencing hearing, the trial court ordered appellant to pay court costs, appointed counsel costs, and any fees permitted by R.C. 2929.18(A)(4), specifically finding that he would be able to pay such costs out of his future prison earnings. In its journal entry, the trial court found that appellant is "expected to have or reasonably may be expected to have the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." Appellant argues that the trial court erred in failing to provide a basis for such a finding and order, citingState v. Ramirez (2003), 153 Ohio App.3d 477.
 {¶ 21} The sentencing statutes and Ohio case law dictate a distinctly different standard for imposing different costs. We first examine the imposition of costs of "supervision and confinement." Appellant was ordered to pay any fees permitted by R.C. 2929.18(A), which includes, among other fines, the costs of supervision and confinement. As it existed at the time of appellant's sentencing hearing, R.C. 2929.18(A) stated in relevant part:
 {¶ 22} "(A) Except as otherwise provided in this division and in addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section or, in the circumstances specified in section 2929.32 of the Revised Code, may impose upon the offender a fine in accordance with that section. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
 {¶ 23} "* * *
 {¶ 24} "(4) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including the following:
 {¶ 25} "* * *
 {¶ 26} "(ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14 or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement."
 {¶ 27} Appellant argues that a presumption of indigency exists after the findings of indigency for the purpose of appointing counsel, and that the record does not reflect a basis for a change from that presumption. Trial courts are not "required to conduct a separate hearing to determine appellant's present and future ability to pay the amount of his sanction or fine. R.C. 2929.18(E); State v. Caudill, 5th Dist. No. 03-COA-031,2004-Ohio-2803; State v. Fuller, 6th Dist. Nos. L-02-1387, 1388, and 1390, 2004-Ohio-2675. There must, however, be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed. Id. at ¶ 8, citing State v. Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069, State v. Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185." State v. Riegsecker, 6th Dist. No. F-03-022,2004-Ohio-3808, at ¶ 11. This court has reversed the imposition of costs where the trial court made no determination on the record that the defendant has or may reasonably be expected to have the ability to pay. See, e.g., State v. Davis (2003), 6th Dist. No. L-01-1387, 2003-Ohio-5977, at ¶ 33 (reversing as to "all costs pursuant to R.C. 2929.18(A)(4)" and not mandatory costs imposed pursuant to R.C. 2947.23).
 {¶ 28} Courts have referred to the requirement that a trial court state certain findings at the sentencing hearing in order to comply with the sentencing statutes as the "magic words" or "talismanic" approach.State v. Bobbitt (2003), 8th Dist. No. 81999, 2003-Ohio-3024, at ¶ 20; see also City of Cleveland v. Tighe (2003), 8th Dist. Nos. 81767 and 81795, 2003-Ohio-1845, ¶ 14-15. Although a trial court is required to make a determination of a defendant's ability to pay, a trial court's mere recitation that a defendant "has or may be expected to have the ability to pay," is not a talismanic phrase automatically precluding appellate review of such determination. Stating such a finding on the record is necessary to impose costs pursuant to R.C. 2929.18(A), but it is not sufficient. In addition to the requirement that there must be evidence that a trial court considered a defendant's ability to pay, there must be clear and convincing evidence supporting that finding contained in the record. R.C. 2953.08(G)(2)(b). A trial court may consider all evidence before it to arrive at a determination of an ability to pay, but may not impose costs if the record is bereft of evidence supporting such a determination. See, e.g., State v. Morgan
(1992), 80 Ohio App.3d 150 (trial testimony indicated defendant owned real estate, supporting ability to pay).
 {¶ 29} Courts create a paradigmatic illusion when routinely and automatically assessing all statutory costs to all indigent criminal defendants. We reiterate that a determination that a defendant "has or will have the ability to pay" must be clearly and convincingly supported by the record. Here, the indigent defendant was sentenced to prison for a considerable period. Although perhaps it reassures justice to recite the "magic words" assessing costs of supervision and confinement, in the case of indigent criminal defendants, the only non-ephemeral consequence of the "magic" pronouncement is the hindrance of judicial efficiency. Such a pronouncement finding an ability to pay must be supported by the record. Here it is not.
 {¶ 30} Evidence in the record indicates that appellant has no ability to pay. Appellant is 55 years old, he has no employment history, and he lacks a high school diploma. Appellant's health is extremely poor and exacerbated by a long history of substance abuse. Appellant's counsel stated at the sentencing hearing that appellant does not expect to live through his sentence due to a "plethora of medical problems," including a recent stroke.
 {¶ 31} The trial court stated that appellant could pay the costs out of his prison earnings. The potential availability of future prison earnings does not alone provide clear and convincing evidence that an indigent defendant is reasonably expected to have the means to pay costs. To support a determination of future ability to pay, a trial court should consider all of the evidence properly before it. Here, appellant's presentence investigation report details his health problems and his lack of education or work history.
 {¶ 32} In this case, it is clearly and convincingly insufficient as a matter of law to find an indigent criminal defendant able to pay, or reasonably expected to have the means to pay, the costs of confinement when the sole evidence in support of such a finding is the defendant's future prison earnings, and more evidence weighs in favor of a finding that he will not be able to pay. Appellant's circumstances weigh more heavily towards a finding that he will be unable to pay the costs of supervision and confinement. Since no other evidence in the record supports the trial court's finding, no clear and convincing evidence supports the portion of the judgment imposing costs to appellant.
 {¶ 33} A different statute governs the imposition of court costs and the costs of prosecution. The language of R.C. 2947.23 demonstrates that the imposition of court costs and the costs of prosecution is mandatory for all felonies. "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1). The imposition of those costs is mandatory for indigent defendants convicted of a felony as well. State v. White
(2004), 103 Ohio St.3d 580, paragraph one of the syllabus, stating, "A trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence." Appellant relies on Statev. Ramirez to support his argument that R.C. 2947.23 costs should not be imposed since he was found indigent for the purpose of appointing counsel. This court has repeatedly repudiated the reasoning in Ramirez
and held that a prior determination of indigency for the purpose of appointing counsel does not alone warrant a waiver of prosecution costs. See State v. Hartsell (2004), 6th Dist. No. L-03-1039, L-03-1040, 2004-Ohio-1331, at ¶ 9-10; State v. White (2004), 6th Dist. No. L-03-1229, 2004-Ohio-5664. See also State v. Glavic, 11th Dist. Nos. 2001-L-177 and 2001-L-179, 2003-Ohio-6961; State v. Thomas (2004); 6th Dist. No. L-02-1375, 2004-Ohio-6458, at ¶ 44. Moreover, White reiterated that the imposition of costs pursuant to R.C. 2947.23 is mandatory.
 {¶ 34} However, a trial court may, in its discretion, waive thepayment of the mandatory costs of R.C. 2947.23 for an indigent defendant pursuant to R.C. 2949.092, but it is not required to do so.103 Ohio St.3d at 581; R.C. 2949.092. These costs must be imposed by the court, but the court may waive the defendant's payment of those costs. Since waiving the payment of the mandatory costs is discretionary, we review a refusal to waive payment of costs pursuant to R.C. 2949.092 for abuse of discretion. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 35} When a criminal defendant requests the court to waive his payment of the mandatory costs of R.C. 2947.23, the court must find that a criminal defendant, formerly found indigent for purposes of appointing counsel, has or will have the ability to pay costs in order to deny a waiver. Although a determination of ability to pay is within the discretion of the trial court, such determination cannot be made without regard to the defendant's financial condition. An appellant's future ability to pay should be on the record and based on circumstances in existence at the time of the finding. The court is not required to hold a hearing to determine indigency, but a court should examine the record and weigh, given the defendant's circumstances, the probability that he will be able to pay in the future. Consideration of a defendant's conditions should include health, education, work history, and the length of the prison sentence imposed. A prior determination of indigency is a strong presumption supporting a lack of an ability to pay the mandatory costs, but it is not conclusive. However, if the record reflects a lack of support for a determination of future ability to pay such that it is unreasonable, arbitrary, or unconscionable, then the failure to waive those costs for the indigent defendant is an abuse of discretion. This holding is in accordance with this court's previous holdings and Statev. White. See discussion, supra.
 {¶ 36} Appellant's circumstances clearly warrant a waiver of the payment of R.C. 2947.23 costs. Given his extremely poor health, his lack of any employment history, his lack of education, and the length of his sentence, it is highly probable that he will be unable to pay. None of appellant's circumstances, except for future prison earnings, indicate a future ability to pay; the potential of any future prison earnings is offset by his extremely poor health. Thus, the trial court abused its discretion by not granting appellant a waiver for the payment of R.C.2947.23 costs.
 {¶ 37} As for the imposition of costs for appointed counsel fees, this court has held that appointed counsel fees may only be imposed pursuant to R.C. 2941.51. State v. Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185, at ¶ 20. As with other costs, an indigent defendant may be ordered to pay the costs of appointed defense counsel, but only if there is a finding on the record that the defendant will have the ability to pay. See Statev. Brown (Nov. 19, 1999), 6th Dist. No. L-97-1332, at 7-8, reversing where trial court failed to determine on the record that appellant was able to pay for his court-appointed counsel; see also State v. Golladay
(Dec. 29, 2000), 6th Dist. Nos. L-00-1092, L-00-1093, L-00-1094; Statev. Miller (Mar. 1, 2002), 6th Dist. No. L-01-1265, 2002-Ohio-853.
 {¶ 38} As for the trial court's duty to determine a criminal defendant's ability to pay, R.C. 2941.51(D), we review that determination for clear and convincing evidence, contained in the record, supporting such determination. R.C. 2953.08(G)(2)(b). Here, as with the costs of supervision and confinement, the only evidence supporting the trial court's determination of appellant's ability to pay is his future prison earnings. Given appellant's extremely poor health and lack of education and work history, in addition to his lengthy sentence, there is insufficient support for that determination. The trial court's determination that appellant would be able to pay these costs is clearly and convincingly unsupported by the record.
 {¶ 39} Accordingly, appellant's second assignment of error is well-taken with respect to the costs of "supervision, confinement, assigned counsel, and prosecution" as imposed by the trial court's judgment entry.
 {¶ 40} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed as to appellant's conviction and sentence. The judgment is vacated as to the costs imposed, and remanded to the trial court to amend the judgment accordingly. Costs to appellee pursuant to App.R. 24.
Judgment Affirmed, in Part and Reversed, in Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Skow, J., Parish, J. Concur.