DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Tarji A. Knight, appeals the judgment of the Sandusky County Court of Common Pleas, which found appellant guilty of falsification, a misdemeanor of the first degree and a violation of R.C.2921.13. Appellant was sentenced to six months incarceration, suspended on condition of good behavior; ordered to perform 50 hours of community service; ordered to pay costs of supervision, court-appointed counsel, and costs; and fined $250.
 {¶ 2} Appellant's counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. If counsel, following a conscientious examination of her case, finds the case to be wholly frivolous, she should advise the court of such finding and request permission to withdraw. Id. at 744. See also, State v. Duncan (1978),57 Ohio App.2d 93. Along with the request to withdraw, counsel must submit a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also provide a copy of the brief to her client, and must do so within such time as would allow the client the opportunity to raise any matters she chooses. Id. Once these requirements have been satisfied, the appellate court must conduct a full examination of the proceedings to determine whether the appeal is, in fact, wholly frivolous. Id. If the appellate court finds in the affirmative, it may grant counsel's request to withdraw and may dismiss the appeal without violating federal requirements.
 {¶ 3} The circumstances surrounding this appeal arose from a prior trial in which appellant's acquaintance was the criminal defendant. Appellant testified on the defendant's behalf. After her testimony in that matter, on June 29, 2004, appellant was indicted for perjury, a violation of R.C. 2921.11 and a felony of the third degree. Appellant waived her right to a jury, and after a trial to the court, was convicted of perjury. At a sentencing hearing on January 20, 2005, the trial court orally sentenced appellant to five years of community control; ordered appellant to perform 50 hours of community service; fined appellant $250; and imposed costs of court appointed counsel and other costs. After the sentence was orally imposed but before the sentence had been journalized, appellant filed a motion to vacate her conviction and sentence. The trial court granted the motion to vacate, and upon review of the evidence, adjudged appellant guilty of the lesser included offense of falsification.
 {¶ 4} Appellant's counsel has satisfied the Anders requirements. Appellee waived its right to file a brief, contingent upon appellant's filing a pro se brief or response. Appellant has not filed a pro se brief or otherwise responded to her counsel's request to withdraw.
 {¶ 5} Appellant's counsel sets forth a sole proposed assignment of error: "The Trial Court erred to the prejudice of the Defendant/Appellant by sentencing him [sic] to serve a period of two years of standard supervision with the Adult Probation Department."
 {¶ 6} As noted, appellant's motion to vacate her conviction and sentence for perjury was granted. A journal entry of her perjury conviction was placed upon the record; the sentencing hearing was held; yet the motion to vacate was filed before the sentence for perjury was journalized. In her motion to vacate, appellant argued that the "facts and circumstances involved more accurately reflect the crime of Falsification, O.R.C. 2921.13 and Defendant respectfully requests that the interest of justice [sic] require the Court to consider, upon this motion, to find Defendant guilty of Falsification and not Perjury. * * * Defendant requests the Court consider a finding of guilt as to Falsification a misdemeanor of the first degree and sentenced accordingly [sic]. * * * Defendant prays this Court will vacate its Judgment Entry filed November 9, 2004 * * * and review the evidence presented and if so inclined find the Defendant guilty of the lesser included offense of Falsification * * *."
 {¶ 7} In its November 9, 2004 judgment entry, the trial court granted appellant's motion for a continuance of her sentencing hearing on the perjury conviction. Thus, the trial court retained jurisdiction to vacate the conviction and the orally imposed sentence. It is well-settled that "[a]n announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with the trial court." State, ex rel. Hansen v. Reed (1992), 63 Ohio St.3d 597, 599, citing State v. Tripodo (1977), 50 Ohio St.2d 124, paragraph one of the syllabus. Thus, as the appellant in Reed argued, "until an entry is journalized, the court retains the right and discretion to review and reverse its previous findings." See also, State v. Vance (October 27, 1993), 9th Dist. No. 2804, at 8, stating, "A sentence pronounced in open court may be amended without a formal journal entry as long as the sentence is yet to be journalized." Further, appellant's sentence for falsification was not outside of Ohio's misdemeanor sentencing scheme, R.C. 2929.21 et seq. Therefore, appellant's sole assignment of error is found not well-taken.
 {¶ 8} We cannot say, however, that this appeal is wholly frivolous. Upon a careful review of the record, an arguable error exists. In its judgment entry convicting and sentencing appellant of falsification, the trial court imposed the costs of court appointed counsel. Neither at the sentencing hearing for perjury, nor in the journal entry in which appellant was sentenced for falsification, does the trial court state that appellant has or may reasonably be expected to have the ability to pay the costs of court appointed counsel. Appellant, a single mother of three, testified at the sentencing hearing that she had been struggling to maintain steady employment while obtaining post-secondary education. If the trial court had found appellant would reasonably be expected to have an ability to pay, that finding must appear in the record pursuant to R.C. 2941.51. This court has consistently required that such a finding be made when imposing the costs of court appointed counsel. See State v.Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185, at ¶ 20; State v.Brown (Nov. 19, 1999), 6th Dist. No. L-97-1332, at 7-8; State v.Golladay (Dec. 29, 2000), 6th Dist. Nos. L-00-1092, L-00-1093, L-00-1094; State v. Miller (Mar. 1, 2002), 6th Dist. No. L-01-1265, 2002-Ohio-853; State v. John, 6th Dist. No. L-03-1261, 2005-Ohio-1218, at ¶ 37.
 {¶ 9} Because an Anders brief is not a substitute for an appellate brief argued on the merits, see McCoy v. Court of Appeals of Wisconsin,District 1 (1988) 486 U.S. 429, 439, and because we have found an arguable issue exists for appeal, we must "appoint counsel to pursue the appeal and direct that counsel to prepare an advocate's brief * * *" before we can decide the merit of the issue. Id. at 444. See also, Pensonv. Ohio (1988), 488 U.S. 75, 85. Accordingly, appellate counsel's motion to withdraw is found well-taken and is, hereby, granted. We appoint Thomas A. Dusza, 725 Sycamore Line, Sandusky, Ohio, 44870, as appellate counsel in this matter, and direct him to prepare an appellate brief discussing the arguable issue identified in this decision, and any further arguable issues which may be found in the record.
 {¶ 10} Appellant's brief is to be filed within 45 days from the date of this decision. Appellee's brief shall be filled within 20 days after service of appellant's brief.
Motion Granted.
Handwork, J., Singer, P.J., Skow, J., concur.