DECISION AND JUDGMENT ENTRY
{¶ 1} This cause comes on appeal from the Sandusky County Court of Common Pleas, which found appellant, Tarji A. Knight, guilty of falsification, a misdemeanor of the first degree and a violation of R.C. 2921.13. In its judgment of conviction, the trial court imposed 50 hours of community service and a suspended sentence of six months in jail. It also ordered appellant to pay a fine of $250 and costs, together with supervision fees, and the fees and expense of court-appointed counsel.
 {¶ 2} From that judgment of conviction, appellant appealed, and her appellate counsel filed a "no merit" brief pursuant toAnders v. California (1967), 386 U.S. 738. Upon review, we affirmed appellant's conviction, but found arguable error with respect to the imposition of the costs of court-appointed counsel. State v. Knight, 6th Dist. No. S-05-007,2005-Ohio-4347. We granted her appellate counsel's request to withdraw, and appointed new counsel for the purpose of filing a merit brief on the issue of costs.
 {¶ 3} Appellant now raises one assignment of error for review:
 {¶ 4} "The trial court erred and abused its discretion when it ordered appellant to pay costs of court appointed counsel pursuant to R.C. 2941.51."
 {¶ 5} In finding that an arguable issue existed for appeal, we stated:
 {¶ 6} "In its judgment entry convicting and sentencing appellant of falsification, the trial court imposed the costs of court appointed counsel. Neither at the sentencing hearing for perjury, nor in the journal entry in which appellant was sentenced for falsification, does the trial court state that appellant has or may reasonably be expected to have the ability to pay the costs of court appointed counsel. Appellant, a single mother of three, testified at the sentencing hearing that she had been struggling to maintain steady employment while obtaining post-secondary education. If the trial court had found appellant would reasonably be expected to have an ability to pay, that finding must appear in the record pursuant to R.C. 2941.51. This court has consistently required that such a finding be made when imposing the costs of court appointed counsel. See State v.Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185, at ¶ 20; Statev. Brown (Nov. 19, 1999), 6th Dist. No. L-97-1332, at 7-8;State v. Golladay (Dec. 29, 2000), 6th Dist. Nos. L-00-1092, L-00-1093, L-00-1094; State v. Miller (Mar. 1, 2002), 6th Dist. No. L-01-1265, 2002-Ohio-853; State v. John, 6th Dist. No. L-03-1261, 2005-Ohio-1218, at ¶ 37." State v. Knight,2005-Ohio-4347, at ¶ 8.
 {¶ 7} Additionally, the finding that a criminal defendant has the ability to pay court-appointed counsel's costs must be supported by clear and convincing evidence. R.C.2953.08(G)(2)(b). State v. John, 2005-Ohio-1218, reversed on other grounds by In re Ohio Criminal Sentencing Statutes Cases
(2006), 109 Ohio St.3d 313, 2006-Ohio-2109, following State v.Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 8} The trial court found appellant indigent and appointed counsel to represent her at her trial before the bench. At her sentencing hearing, appellant explained that she is a single mother of three, in the process of obtaining adult vocational education, and due to those demands, struggling to maintain steady employment. At that point in time, she did not own reliable transportation, had been unable to collect child support, and has had to rely on family services for assistance. No evidence was offered to counterbalance this evidence, or to demonstrate that appellant would reasonably be expected to have an ability to pay. In its brief, the state concedes that no finding was made on the record, but asserts that the matter should be remanded in order for the trial court to make such a finding.
 {¶ 9} R.C. 2941.51 governs court-appointed counsel costs and states in relevant part:
 {¶ 10} "(D) The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."
 {¶ 11} R.C. 2953.08(G)(2)[1] requires an appellate court to take any authorized action if all or a portion of a judgment of conviction is "contrary to law." Clearly, the portion of appellant's judgment of conviction which imposes the costs of court-appointed counsel is "contrary to law" since no finding of appellant's ability to pay was made on the record. See cases cited by State v. Knight, supra. Appellant's sole assignment of error is found well-taken.
 {¶ 12} For the foregoing reasons, the judgment of the Sandusky County Court of Common Pleas is reversed with respect to the imposition of the costs of court-appointed counsel. This matter is remanded for further proceedings consistent with this decision. If the court ultimately does make a finding on the record that appellant has the ability to pay court appointed counsel fees, it must then enter a separate judgment for the attorney fees or any part thereof that the court finds the appellant has the ability to repay. State v. Cole, 6th Dist. Nos. L-03-1163, L-03-1162, 2005-Ohio-408, at ¶ 28. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J., Singer, P.J., Skow, J., concur.
[1] Found unconstitutional in part by State v. Foster,
supra.