[Cite as *State v. Hicks*, 2017-Ohio-8312.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 105083

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT HICKS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598310-B

**BEFORE:** Boyle, J., Keough, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** October 26, 2017

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Blaise D. Thomas
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Defendant-appellant, Robert Hicks, appeals from the trial court's judgment regarding court costs. He raises two assignments of error for our review:

> 1. The trial court abused its discretion by imposing court costs on appellant who was found to be indigent and sentenced to a 17-year term of imprisonment, without making a determination, supported by the record, that he has or will have the ability to pay costs.

> 2. The trial court committed prejudicial error by ordering appellant to do community work service after he serves the 17-year term of imprisonment (which includes a mandatory prison term) imposed by the trial court.

{¶2} Finding no merit to his appeal, we affirm.

## I. Procedural History and Factual Background

{¶3} In August 2015, the Cuyahoga County Grand Jury indicted Hicks on 11 counts: two counts of aggravated murder and aggravated robbery, one count of murder, kidnapping, felonious assault, and carrying a concealed weapon, and three counts of having a weapon while under disability. Many of the counts carried one- and three-year firearm specifications. Hicks pleaded not guilty to all charges.

{¶4} In June 2016, Hicks withdrew his former plea of not guilty and pleaded guilty to an amended indictment of involuntary manslaughter in violation of R.C. 2903.04, a first-degree felony, with a three-year firearm specification, and attempted aggravated robbery in violation of R.C. 2923.02 and 2911.01(A)(3), a second-degree felony.

{¶5} At the sentencing hearing, defense counsel spoke on behalf of Hicks.

Defense counsel requested the court to waive costs because Hicks was indigent.

{¶6} The trial court sentenced Hicks to three years in prison for the firearm specification and ordered that it be served prior to and consecutive to 11 years for involuntary manslaughter. The trial court further sentenced Hicks to two years for aggravated robbery and ordered that it be served consecutive to the prison term for involuntary manslaughter, for an aggregate sentence of 16 years in prison. At the same hearing, the trial court also sentenced Hicks to 12 months each for three separate probation violations and ordered that they be served concurrent to each other but consecutive to the sentence imposed in this case, for a total of 17 years in prison. Further, the trial court notified Hicks that he would be subject to a mandatory term of five years of postrelease control.

{¶7} With respect to court costs, the trial court stated the following at the hearing:

> You're responsible for your court costs and, therefore, you may be required to do community work service. So although you're indigent, I think the community work service is a good thing for you to do since you're going to do 17 years in prison.
>
> So do the community work service and you can also pay whatever is remaining of your court costs on postrelease control.

{¶8} In its judgment entry, the trial court ordered that Hicks perform community work service "in lieu of paying costs." It is from this judgment that Hicks now appeals.

## II. Ability to Pay Costs

{¶9} In his first assignment of error, Hicks argues that the trial court improperly

imposed costs after acknowledging that he was indigent without determining that he had the ability to pay costs or would have the ability in the future.

**{¶10}** R.C. 2947.23(A)(1) governs the imposition of court costs and provides in relevant part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." Unlike financial sanctions issued pursuant to R.C. 2929.18, "the imposition of court costs under R.C. 2947.23 does not require the trial court to first consider the defendant's ability to pay."[1] *State v. Hodge*, 9th Dist. Lorain No. 14CA010648, 2015-Ohio-3724, ¶ 15. A defendant's financial status is therefore "irrelevant to the imposition of court costs." *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3 (superseded by statute on other grounds). Accordingly, a sentencing court must include the costs of prosecution in the sentence and render a judgment against the defendant for costs even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

**{¶11}** In its discretion, however, a trial court may waive payment of court costs upon a defendant's motion if the defendant is indigent. R.C. 2949.092; *State v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014-Ohio-4841, ¶ 9. We review a trial court's denial of a motion to waive costs for abuse of discretion.

*State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. **{¶12}** Hicks

---

[1]R.C. 2929.19(B)(5) states that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

cites to *State v. John*, 6th Dist. Lucas No. L-03-1261, 2005-Ohio-1218, which considered a timely request to waive mandatory court costs. As Hicks contends, *John* held in part that when a defendant requests the trial court to waive payment of mandatory court costs, it:

> should examine the record and weigh, given defendant's circumstances, the probability that he will be able to pay in the future. Considerations of a defendant's conditions should include health, education, work history, and the length of the prison sentence imposed. A prior determination of indigency is a strong presumption supporting a lack of an ability to pay the mandatory costs, but it is not conclusive. However, if the record reflects a lack of support for a determination of future ability to pay such that it is unreasonable, arbitrary, or unconscionable, then the failure to waive those costs for the indigent defendant is an abuse of discretion.

*Id*. at ¶ 35.

{¶13} At the sentencing hearing in this case, the trial court stated on the record that it had reviewed Hicks's presentence investigation report as well as his competency evaluation. According to these documents, Hicks received his GED when he was committed to the Department of Youth Services (although he reported that he only completed the tenth grade). Hicks's physical health was good; he said that he did not have any physical health issues. Hicks further reported that he did not have any alcohol or substance abuse issues; he stated that he did not have any alcohol or marijuana since the beginning of 2015 (he was charged in August 2015).

{¶14} Although Hicks does receive social security disability for a learning disability and mental health issues, his competency report, dated September 4, 2015, states that he was working for a landscaping company just before the charges in this case.

Before that, he had worked full time at a restaurant for about six months until he failed to report on a mandatory work day. Thus, Hicks is clearly capable of working.

{¶15} Moreover, as the trial court indicated, Hicks will be in prison for a considerable amount of time — 17 years. Ohio Adm.Code 5120-5-03(D) authorizes the garnishment of an inmate's account to satisfy the inmate's obligations to the court as long as the account retains $25 for inmate expenditures. *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 70, *discretionary appeal not allowed*, *State v. Duhamel,* 144 Ohio St.3d 1460, 2016-Ohio-172, 44 N.E.3d 289. In *Duhamel*, we explained:

> "'[C]osts are taxed against certain litigants for the purpose of lightening the burden on taxpayers financing the court system.'" [*Threatt*], 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 14, quoting *Strattman v. Studt*, 20 Ohio St.2d 95, 102, 253 N.E.2d 749 (1969). "Although costs in criminal cases are assessed at sentencing and are included in the sentencing entry, costs are not punishment, but are more akin to a civil judgment for money." *Id*. Thus, the purpose of Ohio Adm. Code 5120-5-03 is the collection of a valid judgment to relieve the burden taxpayers would have to pay as a result of the convict's criminal actions.

*Id*. at ¶ 71.

{¶16} Further, R.C. 5120.133(A) permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution. The Ohio Supreme Court explained that this provision "is merely one method of collection against defendants who are incarcerated (and therefore are most likely indigent)." *Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at ¶ 13.

**{¶17}** Although the Sixth District in *John*, 6th Dist. Lucas No. L-03-1261, 2005-Ohio-1218, reversed the trial court's order denying the defendant's motion to waive costs, we find *John* to be distinguishable. The trial court in *John* sentenced the defendant to 18 years in prison and stated that the defendant could pay costs out of his prison earnings. The Sixth District reversed, reasoning that the defendant's presentence investigation report detailed the defendant's "health problems and his lack of education and work history." *Id.* at ¶ 31. The court explained:

> Evidence in the record indicates that appellant has no ability to pay. Appellant is 55 years old, he has no employment history, and he lacks a high school diploma. Appellant's health is extremely poor and exacerbated by a long history of substance abuse. Appellant's counsel stated at the sentencing hearing that appellant does not expect to live through his sentence due to a "plethora of medical problems," including a recent stroke.
> * * *
>
> Appellant's circumstances clearly warrant a waiver of the payment of R.C. 2947.23 costs. Given his extremely poor health, his lack of any employment history, his lack of education, and the length of his sentence, it is highly probable that he will be unable to pay. None of appellant's circumstances, except for future prison earnings, indicate a future ability to pay; the potential of any future prison earnings is offset by his extremely poor health. Thus, the trial court abused its discretion by not granting appellant a waiver for the payment of R.C. 2947.23 costs.

*Id.* at ¶ 30, 36.

**{¶18}** In this case, however, the evidence in the record indicates that Hicks was 21 years old at the time of the offenses. He had obtained his GED. And although he has some mental health issues, his physical health is good. He is clearly capable of working. There is no reason that Hicks cannot pay his court costs while serving 17 years in prison.

And if he does not pay them during prison, he will only be 38 years old when he is released. If at some point his circumstances change and he no longer has the ability to pay costs, for example, if he becomes disabled such that he cannot work, then he can move the court to waive, suspend, or modify payment of costs at that time. *See* R.C. 2947.23(C) ("The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.").

{¶19} Accordingly, we find no grounds to reverse the trial court's decision imposing court costs. We certainly do not find plain error on the record before us. But we further find that the trial court properly exercised its discretion and ordered Hicks to pay court costs despite Hicks's indigency. *See State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 36 ("[A]lthough the trial court found appellant to be indigent, it acted within its discretion under R.C. 2947.23(A)(1) in imposing court costs regardless of appellant's financial status.").

{¶20} Hicks's first assignment of error is overruled.

### III. Community Work Service

{¶21} In his second assignment of error, Hicks contends that the trial court erred when it ordered him to perform "community work service after he serves the17-year term of imprisonment." In support of his argument, Hicks cites to this court's decision in *State v. Anderson*, 8th Dist. Cuyahoga No. 102427, 2016-Ohio-7044. He maintains that under *Anderson*, where we held that courts cannot impose community control sanctions consecutive to a prison term, the trial court's order was improper because "community

work service is a community control sanction."

{¶22} Again, at the sentencing hearing in this case, the trial court stated the following with respect to costs:

> You're responsible for your court costs and, therefore, you may be required to do community work service. So although you're indigent, I think the community work service is a good thing for you to do since you're going to do 17 years in prison.
>
> So do the community work service and you can also pay whatever is remaining of your court costs on postrelease control.

{¶23} In its judgment entry, the trial court ordered that Hicks perform community work service "in lieu of paying costs."[2]

{¶24} After review, it is clear that the trial court did not impose community work service as a nonresidential sanction. Although community work service can be a nonresidential sanction under R.C. 2929.17(C), it was not so in this case. Thus, *Anderson* has no application to the facts of this case.

{¶25} Hicks's second assignment of error is overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

---

[2]The Ohio Department of Rehabilitation and Correction established the community service program in 1991. *See* http://www.drc.ohio.gov/community-service (accessed on Oct. 3, 2017).

been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR