DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment of conviction and sentence. Donna Whited, defendant below and appellant herein, pled guilty plea to sexual battery in violation of R.C.2907.04(A)(5). Appellant assigns the following errors for review:
First assignment of error:
"The trial court denied ms. whited due process of law, in violation of the fourteenth amendment to the united states constitution, by sentencing ms. whited to a prison term based on facts not found by a jury or admitted by ms. whited."
Second assignment of error:
"The trial court erred by imposing costs on Ms. Whited, who was indigent at the time of sentencing."
Third assignment of error:
"The trial court erred by ordering ms. whited to pay a $10,000.00 fine without considering Ms. Whited's present and future ability to pay as required by R.C. 2929.19(B)(6)."
 {¶ 2} In 1995, a young man was placed with the Whited family as a foster child. His foster parents adopted him two years later. In 1996 the child's adopted mother (appellant) began having sexual relations with the boy. This continued until 2001 when her husband learned about this activity and reported the matter to Washington County Childrens Services (WCCS).
 {¶ 3} On September 30, 2003, the Washington County Grand Jury returned an indictment charging appellant with thirteen counts of sexual battery in violation of R.C. 2907.03(A)(5). Appellant subsequently pled guilty to one count of the indictment and the prosecution dismissed the remaining twelve counts.
 {¶ 4} At sentencing forensic psychologist Jeffrey Smalldon, PhD, testified that he had examined appellant and opined that she suffered from "dysthymia" (low grade, chronic, depression) as well as a "borderline" personality disorder (making her highly "dependant on external sources of validation"). Dr. Smalldon further testified that appellant (1) was taking medication; (2) seemed motivated to "get well;" (3) was remorseful for what she had done; and (4) had a "very low risk for repeat sexual offending." Appellant's two natural children also testified that their mother was currently taking medication and attempting to turn her life around. Aaron Whited recounted some of his mother's mental problems and related that in the past he had tried to help her. On the basis of this evidence, the appellee requested that the trial court impose a community control sentence. The prosecution, however, requested that appellant serve one year in prison.
 {¶ 5} At the conclusion of the hearing, the trial court rejected both recommendations and imposed a five year prison sentence. In so doing, the court noted a number of aggravating factors for this offense including: (1) sexual contacts between appellant and the boy were not isolated, but numbered more than one hundred and had transpired over several years; (2) appellant, as the boy's foster mother and, later, his adoptive mother abused a sacred position of trust; (3) although appellant may have demonstrated remorse at sentencing, she had no such feelings when the abuse was first discovered — in fact, she had first accused the boy of rape; (4) appellant used any means at her disposal to coerce the boy into having sex with her, including alcohol and suicide threats; (5) she forbade the boy to date, to go to dances or engage in other similar activities that teenagers are normally involved; and (6) appellant infected the boy with Herpes virus and he must now live with a sexually transmitted disease. For these reasons, the trial court found that appellant committed "the worst form of this offense" and sentenced her to the maximum allowable prison sentence. This appeal followed.[2]
 I {¶ 6} Appellant argues in her first assignment of error that the trial court violated her Sixth Amendment right to trial by jury in sentencing her to a maximum prison sentence based on factors to which she did not admit and were not found by a jury. This assignment of error, once again, raises the recent holding in Blakely v. Washington
(2004),542 U.S. ___, 159 L.Ed.2d 403, 124 S.Ct. 2531, wherein the United States Supreme Court held that a sentence imposed above the maximum allowable sentence under Washington law, and based on factors that were neither admitted by the defendant nor determined by a jury, violated theSixth Amendment right to jury trial. Appellant argues that Blakely applies here and that her sentence must be reversed because the trial court imposed a maximum sentence based on facts that were neither admitted nor determined by a jury. We disagree.
 {¶ 7} This Court held in State v. Scheer, 158 Ohio App.3d 432,816 N.E.2d 602, 2004-Ohio-4792, at ¶ 15, that Blakely does not apply in Ohio because this State has a different sentencing scheme and, so long as a defendant is sentenced to a term of imprisonment within the allowable statutory minimum and maximum sentences, there is no violation of the right to jury trial. Sexual battery is a third degree felony (see R.C.2907.03(B)) and is punishable by a prison sentence from one to five years. See R.C. 2929.14(A)(3). Although appellant received the maximum sentence in this case, that sentence was within the statutory minimum/maximum for the offense and thus there was no violation of herSixth Amendment rights under Blakely.
 {¶ 8} Appellant acknowledges our holding in Scheer but argues that it is dicta and not binding, and, in any event, we misinterpreted the holding of the United States Supreme Court. We are not persuaded. TheBlakely decision has been raised repeatedly in this Court and, each time we have considered it, we continued to adhere to our position in Scheer.
See State v. Hardie, Washington App. No. 04CA24, 2004-Ohio-7277, at ¶¶ 7-9; State v. Wheeler, Washington App. No. 04CA21, 2004-Ohio-6598, at ¶¶ 20-22; also see State v. Wheeler, Washington App. No. 04CA1, 2005-Ohio-479 (Entry on Application for Reconsideration). We find nothing in appellant's brief to persuade us we are in error. Thus, until such time as the Ohio or United States Supreme Courts holds otherwise, we will continue to follow Scheer.
 {¶ 9} For these reasons, we find no merit in the first assignment of error and it is accordingly overruled.
 II {¶ 10} Appellant's second assignment of error addresses that part of the sentencing entry that imposed court costs. She argues that she is indigent, and that under our holding in State v. Clark (Nov. 27, 2002), Pickaway App. No. 02CA12, 2002-Ohio-6684, ¶¶ 17-23, R.C. 2949.14 does not allow court costs to be assessed against her.[3] We disagree.
 {¶ 11} Although appellant correctly states our prior holding inClark, the Ohio Supreme Court recently came to the opposite conclusion. See State v. White, 103 Ohio St.3d 580, 817 N.E.2d 393, 2004-Ohio-5989, at paragraph one of the syllabus. Thus, the Clark case is no longer good law.
 {¶ 12} Consequently, appellant's second assignment of error is hereby overruled.
 III {¶ 13} Appellant's third assignment of error asserts that the trial court erred in ordering her to pay a $10,000 fine without first assessing her ability to pay it. We agree with appellant.
 {¶ 14} Our analysis begins with R.C. 2929.19(B)(6), which provides that before a court imposes a financial sanction, "the court shallconsider the offender's present and future ability to pay the amount of the sanction or fine." (Emphasis added.) This statute does not require a trial court hold a specific hearing on the issue of ability to pay, although courts may choose to do so. State v. Kelly (2001),145 Ohio App.3d 277, 282, 762 N.E.2d 479; State v. Sillett, Butler App. No. CA2000-10-205, 2002-Ohio-2596; State v. Southerland, Butler App. No. CA2001-06-153, 2002-Ohio-1911. Rather, the statute requires a court to consider the offender's present and future ability to pay. See Statev. Martin (2000), 140 Ohio App.3d 326, 338, 747 N.E.2d 318 and Statev. Karnes (Mar. 29, 2001), Athens App. No. 99CA42.
 {¶ 15} Although preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a fine. Rather, courts look to the totality of the record to see if the requirement has been satisfied. As we noted inState v. Slater, Scioto App. No. 01CA2806, 2002-Ohio-5343, at ¶ 8, compliance with the statute can be shown when a court considers a pre-sentence investigation report (PSI) that details pertinent financial information (see e.g. Martin, supra; Karnes, supra) or when a transcript reflects that a court at least considered a defendant's ability to pay. See e.g. State v. Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439;State v. McDonald, Delaware App. No. 01CA08033, 2002-Ohio-1122.
 {¶ 16} In the case sub judice, we find no indication in the record that the trial court considered appellant's ability to pay the fine that it imposed. We find no mention of the topic in the final judgment entry or in the transcript. Thus, we cannot find that the trial court complied with R.C. 2929.19(B)(6) and considered whether appellant had the present or the future ability to pay the fine that the court imposed.
 {¶ 17} The prosecution asserts that appellant did not raise her alleged indigent status during the trial court proceedings and, thus, waived the issue for purposes of appeal. We are not persuaded. We considered this waiver argument in Slater, supra at ¶ 10 and rejected it. We noted that R.C. 2929.19(B)(6) imposes a legislative mandate with which trial courts must comply. Id.; also see State v. Adkins (2001),144 Ohio App.3d 633, 647, 761 N.E.2d 94; State v. Fisher, Butler App. No. CA9809-190, 2002-Ohio-2069; State v. Rivera-Carrillo, Butler App. No. CA2001-03-054, 2002-Ohio-1013. Although criminal defendants may freely waive their own rights, they cannot waive a mandatory duty imposed on trial courts. Slater, supra at ¶ 10.
 {¶ 18} The prosecution further asserts that (1) appellant owns a home worth $120,000; (2) had the assets to retain private counsel to represent her, and (3) that she worked several jobs at the time of sentencing. Under those circumstances, the trial court may well find that appellant is not indigent and may re-impose the fine. We express no opinion whatsoever on the underlying issue of whether appellant is indigent. Our review extends only to the question that the court should have considered this issue before it imposed the $10,000 fine. For that reason, appellant's third assignment of error is well taken and is hereby sustained.[4]
 {¶ 19} Having sustained the third assignment of error, the judgment of the trial court is hereby affirmed in part and reversed in part. We remand this matter to the trial court for the sole purpose of considering whether appellant has the ability to pay the imposed fine.
Judgment affirmed in part, reversed in part and case remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and the case be remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Opinion McFarland, J.: Concurs in Judgment Opinion as to Assignments of Error I II; Dissents as to Assignment of Error III
[2] In addition to the five year prison sentence, the trial court also fined appellant $10,000 and ordered her to pay court costs.
[3] R.C. 2949.14 states, in pertinent part, that "[u]pon conviction of a nonindigent person for a felony, the clerk of the court of common pleas shall make and certify under his hand and seal of the court, a complete itemized bill of the costs made in such prosecution" and the prosecuting attorney shall attempt to collect that bill.
[4] Although evidence in the transcript indicates that appellant owns a $120,000 home, other evidence indicates that she recently went through a divorce (which may have affected the status of that home) and, lived with one of her children at the time of sentencing. As to appellant's two jobs, her son Aaron Whited acknowledged that they were "extremely low paying" and that she made around "two dollars an hour or something." Finally, we note that appellant filed an affidavit of indigency and the trial court appointed the Public Defender to represent her on appeal. While we take no position on any of this, we note that evidence exists to contradict the prosecution's assertion that appellant is non-indigent.