DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Keleci M. Hill, appeals his convictions and sentences in the Lawrence County Court of Common Pleas. Appellant contends that: (1) his guilty pleas were not knowingly, intelligently and voluntarily entered because the trial court failed to inform him of the maximum penalties; (2) the trial court violated his Sixth and Fourteenth
Amendment rights to the U.S. Constitution and Sections 5, 10 and 16 of Article One of the Ohio Constitution when it imposed non-minimum prison sentences; and (3) his trial counsel provided constitutionally ineffective assistance, asserting several reasons in support thereof. Because the transcripts reveal that the trial court failed to adequately inform Appellant of the maximum penalties, we agree with Appellant's first assignment of error and decline to address his remaining arguments. Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.
 {¶ 2} On August 21, 2003, the Lawrence County Grand Jury indicted Appellant on four counts, including: (1) having weapons while under a disability, a fifth degree felony; (2) trafficking in cocaine, a first degree felony; (3) trafficking in marijuana, a fourth degree felony; and (4) possession of criminal tools, a fifth degree felony. Both of the drug trafficking charges included firearm specifications. On October 30, 2003, after reaching a plea agreement, Appellant pled guilty to all four counts contained in the indictment, with the understanding that the state would move for dismissal of both firearm specifications associated with the drug trafficking counts. Thereafter, Appellant moved the trial court for permission to withdraw his pleas of guilty, which was permitted by the court during a December 17, 2003, hearing. On February 6, 2004, after reaching a second plea agreement, Appellant pled guilty to counts two and three of the indictment, the drug trafficking charges, felonies of the first and fourth degrees, in exchange for the state's dismissal of counts one and four, as well as the firearm specifications related to the drug trafficking charges.
 {¶ 3} During the second plea hearing, which we find to be the appropriate focus of our attention in light of Appellant's withdrawal of his initial guilty pleas, the trial court informed Appellant of the charges against him for which he intended to enter guilty pleas. Specifically, the trial court informed Appellant that he was charged with trafficking in cocaine, a felony of the first degree, "for which the maximum potential penalty could be ten years incarceration in the appropriate penal institution, a fine of twenty thousand dollars, five years post release control, court cost and any restitution." The trial court then read count three to Appellant, but did not specify the name of the charge, the degree of felony, or the maximum penalty. After asking Appellant if he understood count three of the indictment, the trial court accepted Appellant's guilty plea and proceeded to the sentencing phase of the hearing.
 {¶ 4} At the end of the combined plea and sentencing hearing, the following exchange took place regarding post-release control:
"MORFORD:[1] And he would not be on any kind of paper or anything after he serves the five years.
COURT: Right. There won't be any post release control from us. Now there is, the Adult Parole folks have, because they'll have five years of post release control release. Now what they do with that is up to them. That's up to the Feds.
DEFENDANT: (STATEMENT UNINTELLIGIBLE)
COURT: Right. That's all the same for everybody.
DEFENDANT: After my Fed time I would still have supervised release. My supervised release time would start over again. So I don't know how they do that.
COURT: Any questions you have, Sir, otherwise?
DEFENDANT: No, I understand, Sir.
COURT: Alright."
 {¶ 5} Subsequently, in its judgment entry, the trial court stated that it "read the charge to the Defendant and advised Defendant of the maximum penalties involved. The Court then inquired of the Defendant concerning his background and understanding of his rights, the maximum penalties involved herein, and if there were any questions of the Court and other matters." Later, in what is presumably the sentencing portion of the judgment entry, the trial court informed the Appellant that he "could be subject to post release control by the parole authorities for any violations of felonies of the first or second degrees and for violent F-3's for up to five (5) years[2] and for a period of up to three (3) years on all others." The court sentenced Appellant, on the first degree felony, to serve five years in the appropriate state penal institution and to pay a mandatory fine in the amount of $10,000.00.[3] The trial court sentenced Appellant, on the fourth degree felony, to serve a term of one year in the appropriate state penal institution and to pay a mandatory fine in the amount of $2,500.00.[4]
 {¶ 6} The record also includes a document entitled "Proceeding On Plea Of Guilty," which includes the question "Are you making this plea of your own free will, that this is a voluntary act, and do you understand the nature of the charge and the maximum penalty involved and you are not eligible for probation for Community Control Sanctions?" Appellant responded in the affirmative to this question. The document also contains the question "If you are sentenced to a penal institution you will be subject to a period of post release control for up to (3-5) years. If you violate the terms of your post release control, you could be returned to prison for 9 months, with a maximum for repeated violations of 50% of your stated term. * * * Do you understand this?" Again, Appellant answered in the affirmative.
 {¶ 7} Appellant now appeals, raising the following assignments of error:
 {¶ 8} "I. THE TRIAL COURT VIOLATED CRIM. R. 11 AND R.C. §2929.19(B)(3)(C) WHEN IT FAILED TO ADVISE MR. HILL THAT HE WAS SUBJECT TO A MANDATORY FIVE-YEAR TERM OF POST-RELEASE CONTROL FOR COUNT 2, AND WHEN IT COMPLETELY FAILED TO ADVISE MR. HILL OF THE MAXIMUM POSSIBLE SENTENCE FOR COUNT 3. AS A RESULT, MR. HILL DID NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVE HIS CONSTITUTIONAL RIGHTS WITH RESPECT TO COUNTS 2 AND 3. HIS CONVICTIONS AND SENTENCES FOR THOSE COUNTS VIOLATE HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTIONS 10 AND 16 OF ARTICLE ONE OF THE OHIO CONSTITUTION.
 {¶ 9} II. THE TRIAL COURT VIOLATED MR. HILL'S RIGHTS UNDER THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND SECTIONS 5, 10 AND 16 OF ARTICLE ONE OF THE OHIO CONSTITUTION WHEN IT IMPOSED MORE THAN THE MINIMUM PRISON TERM BASED UPON FACTUAL FINDINGS NOT ADMITTED IN THE PLEA AND SENTENCING PROCEEDINGS.
 {¶ 10} III. MR. HILL'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE BY: FAILING TO ENSURE THE MR. HILL'S GUILTY PLEAS WERE KNOWING, INTELLIGENT, AND VOLUNTARY; FAILING TO ADVISE MR. HILL OF THE MANDATORY 5-YEAR POST-RELEASE CONTROL TERM; CONCURRING IN THE STATE'S SENTENCING RECOMMENDATION; AND COUNSELING A GUILTY PLEA RATHER THAN A NO-CONTEST PLEA WHERE HE INTENDED TO PRESERVE REVIEW OF THE TRIAL COURT'S DENIAL OF MR. HILL'S MOTION TO SUPPRESS. COUNSEL'S INEFFECTIVE ASSISTANCE DEPRIVED MR. HILL OF HIS RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH
AMENDMENTS OF THE UNITED STATES CONSTITUTION AND SECTIONS TEN AND SIXTEEN OF ARTICLE ONE OF THE OHIO CONSTITUTION."
 {¶ 11} We limit our review to Appellant's first assignment of error because we find it to be dispositive. Appellant claims that his guilty pleas were not knowingly, intelligently and voluntarily entered because the trial court failed to advise him that he was subject to a mandatory five-year term of post-release control for the first degree felony and because the trial court completely failed to advise him of the maximum, possible penalty for the fourth degree felony. We agree.
 {¶ 12} In considering whether a criminal defendant knowingly, intelligently, and voluntarily entered a guilty plea, we must review the record to ensure that the trial court complied with the constitutional and procedural safeguards contained within Crim.R. 11. State v. Kelley
(1991), 57 Ohio St.3d 127, 128, 566 N.E.2d 658 ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed."); see, also, State v. Carter (1979), 60 Ohio St.2d 34, 396 N.E.2d 757. Under Crim.R. 11(C)(2), the trial court shall not accept a guilty plea without first addressing the defendant personally and: "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} The purpose of Crim. R. 11(C) is "to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981),66 Ohio St.2d 473, 479-80, 423 N.E.2d 115. The trial court need not recite the exact language of Crim.R. 11(C) when informing a criminal defendant of his or her constitutional rights. Instead, we will affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained, "in a manner reasonably intelligible to that defendant," the constitutional rights the defendant waives by pleading guilty. Id., paragraph two of the syllabus.
 {¶ 14} A trial court's failure to adequately inform a defendant of his constitutional rights invalidates a guilty plea under a presumption that it was entered involuntarily and unknowingly. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12. On the other hand, the failure to comply with non-constitutional rights will not invalidate a plea unless the defendant suffered prejudice. Id. The test for prejudice is "`whether the plea would have otherwise been made.'" Id. (quoting State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474).
 {¶ 15} Further, R.C. 2943.032 provides, in pertinent part, that:
 {¶ 16} "Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply: * * *
 {¶ 17} (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the state prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months." (Emphasis added).
 {¶ 18} Construing Crim. R. 11 and R.C. 2943.032 together, the trial court is required to inform the defendant, prior to accepting his or her plea, of the maximum penalties involved, including the imposition of any mandatory or discretionary post-release control, as well as the consequences of the violations of post-release control. See State v.Paris, Cuyahoga App. No. 83519, 2004-Ohio-5965 (a trial court's failure to inform defendant of post-release control sanctions at the time of his guilty plea rendered his plea unknowing, unintelligent, and involuntary given that post-release control constituted a portion of the maximum penalty for the offense); see, also, State v. Perry, Cuyahoga App. No. 82085, 2003-Ohio-6344 (post-release control constitutes a portion of the maximum penalty); Woods v. Telb, 89 Ohio St.3d 504, 2000-Ohio-171,733 N.E.2d 1103 (post-release control is part of the maximum sentence).
 {¶ 19} In the case at bar, regarding the first degree felony, the trial court informed Appellant during the plea hearing that the "maximumpotential penalty could be ten years incarceration in the appropriate penal institution, a fine of twenty thousand dollars, five years post release control, court cost and any restitution." (Emphasis added). It is unclear from this statement whether Appellant would be subjected to discretionary or mandatory post-release control. Regarding the fourth degree felony, the trial court failed to inform Appellant of the maximum penalty, including the possibility of post-release control. Additionally, at no time, other than through the document entitled "Proceeding On A Plea of Guilty," was Appellant informed of the consequences of violating post-release control. We find that this notification alone is insufficient to meet the requirements under Crim. R. 11(C)(2) and R.C. 2943.032, which require that the trial court personally address the defendant. The exchange set forth above, which took place between Appellant and the trial court at the end of the combined plea and sentencing hearing, further demonstrates Appellant's, and even the trial court's, lack of understanding regarding the imposition of mandatory post-release control for the first degree felony plea.
 {¶ 20} Further, the trial court's judgment entry reveals the inaccuracy of the information provided to Appellant during the sentencing hearing, as it states "Defendant could be subject to post release control by the parole authorities for any violations of felonies of the first or second degrees and for violent F-3's for up to five (5) years and for a period of up to three (3) years on all others." (Emphasis added). This provision directly contradicts that language contained in R.C. 2967.28
(B)(1), which makes first degree felonies subject to a mandatory, not discretionary, five-year term of post-release control.
 {¶ 21} Because the transcript and the judgment entry reveal that the trial court failed to adequately and accurately inform Appellant of the maximum penalties associated with his guilty pleas, we must conclude that Appellant's pleas were not knowingly, intelligently, and voluntarily entered. Accordingly, we sustain Appellant's first assignment of error. We decline to address the remaining assignments of error because they are moot.
Judgment Reversed and Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] Morford was Appellant's counsel at the trial court level.
[2] Contrary to the trial court's statement, Appellant was subject to a mandatory five-year term of post-release control, rather than "up to five (5) years," as stated by the court.
[3] The trial court did not mention anything during the imposition of sentence regarding the mandatory five-year term of post-release control associated with the conviction for a first degree felony.
[4] Again, no reference was made to post-release control.