DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant, Jonathan L. Berry, appeals from the sentences entered by the Scioto County Common Pleas Court after a jury found Appellant guilty of Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12.(A)(1), and Possession of Cocaine, a felony of the first degree, in violation of R.C. 2925.11(A) and (C)(4)(e). The trial court sentenced Appellant to consecutive terms of imprisonment, two years and seven years, respectively, for a total of nine years. Appellant asserts that the trial court erred in several respects with regard to the imposition of these sentences.
 {¶ 2} Specifically, Appellant asserts that: 1) the record fails to support the trial court's findings regarding a prior prison term and criminal history, 2) the trial court failed to state its reasons for imposing consecutive sentences and relied on an impermissible sentencing factor in imposing consecutive sentences, 3) the trial court violated R.C. 2929.14(F) and2929.19(B)(3)(c) when it sentenced him to a term of post-release control without accurately advising him that a definite term of five years was mandatory, 4) the trial court's imposition of non-minimum, consecutive sentences based upon certain additional findings violated his constitutional rights, 5) his constitutional rights to due process and equal protection were denied and the trial court abused its discretion when it ordered him to pay an undetermined amount in costs without conducting an inquiry as to his ability to pay, and 6) he received ineffective assistance of counsel.
 {¶ 3} Because we find that Appellant's first, second, and third assignments of error have merit, we reverse the judgment of the trial court and remand for re-sentencing. Appellant's fourth and fifth assignments of error are overruled. Our decision with regard to assignments of error one, two, and three renders Appellant's sixth assignment of error moot.
 {¶ 4} The record reveals the following facts pertinent to this appeal. On June 21, 2004, Appellant was indicted on one count of Tampering with Evidence, a third degree felony, in violation of R.C. 2921.12(A)(1), and Possession of Cocaine, a first degree felony, in violation of R.C. 2925.11(A) and (C)(4)(e). After a two day jury trial, Appellant was convicted on both counts. The trial court conducted the sentencing hearing immediately after the jury verdict was returned, without requesting that a pre-sentence investigation be performed.
 {¶ 5} Appellant was sentenced to: 1) two years on the first count, 2) seven years on the second count, 3) to be served consecutively, 4) post-release control on both counts, 5) and was ordered to pay the costs of prosecution. Essentially, Appellant was sentenced to non-minimum, consecutive terms of imprisonment, totaling nine years.
 {¶ 6} It is from these sentences that Appellant now brings his appeal, assigning the following errors for our review:
{¶ 7} "I. THE RECORD FAILS TO SUPPORT THE TRIAL COURT'SFINDINGS: 1) THAT APPELLANT HAD PREVIOUSLY SERVED A PRISON TERM;AND 2) THAT APPELLANT'S CRIMINAL HISTORY DEMONSTRATES THATCONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC FROMFUTURE CRIME BY APPELLANT. ACCORDINGLY, THE COURT'S IMPOSITION OFMORE THAN THE MINIMUM SENTENCE AND ITS IMPOSITION OF CONSECUTIVESENTENCES ARE CONTRARY TO LAW. APPELLANT'S SENTENCES VIOLATE HISRIGHTS UNDER R.C. § 2929.14(B) AND (E) AND HIS RIGHTS TO DUEPROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATESCONSTITUTIONS.
 {¶ 8} II. THE TRIAL COURT FAILED PROPERLY TO STATE ITS REASONSFOR IMPOSING CONSECUTIVE SENTENCES, AS REQUIRED BY R.C. §2929.19(B)(2)(c) AND RELIED ON AN IMPERMISSIBLE SENTENCING FACTORWHEN IMPOSING CONSECUTIVE SENTENCES. THE SENTENCE IS THEREFORECONTRARY TO LAW. THIS ERROR DEPRIVED MR. BERRY OF HIS RIGHTSUNDER OHIO'S SENTENCING STATUTES AND HIS RIGHTS TO DUE PROCESSAND EQUAL PROTECTION UNDER OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 9} III. THE TRIAL COURT VIOLATED R.C. §§ 2929.14.(F) AND2929.19(B)(3)(c) WHEN IT SENTENCED MR. BERRY TO A TERM OFPOST-RELEASE CONTROL FOR COUNT 2 OF "UP TO A MAXIMUM OF FIVEYEARS" AND FAILED TO ADVISE APPELLANT THAT HE WAS SUBJECT TO AMANDATORY TERM OF POST-RELEASE CONTROL OF FIVE YEARS. THUS, THECOURT VIOLATED APPELLANT'S RIGHTS UNDER R.C. §§ 2929.14(F) AND2929.19(B)(3)(c) AND UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TOTHE U.S. CONSTITUTION AND SECTION 16 OF ARTICLE ONE OF THE OHIOCONSTITUTION.
 {¶ 10} IV. THE TRIAL COURT VIOLATED MR. BERRY'S RIGHTS UNDERTHE SIXTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION ANDSECTIONS 5, 10 AND 16 OF ARTICLE ONE OF THE OHIO CONSTITUTIONWHEN IT IMPOSED MORE THAN THE MINIMUM PRISON TERMS, UPON FINDINGTHAT MR. BERRY HAD SERVED A PREVIOUS PRISON TERM, AND ORDERED THESENTENCES TO RUN CONSECUTIVELY BASED UPON FACTUAL FINDINGS NOTSUBMITTED TO AND FOUND BY THE JURY BY PROOF BEYOND A REASONABLEDOUBT.
 {¶ 11} V. THE TRIAL COURT DENIED APPELLANT HIS RIGHTS TO DUEPROCESS AND EQUAL PROTECTION UNDER THE OHIO AND UNITED STATESCONSTITUTIONS AND ABUSED ITS DISCRETION BY SENTENCING HIM TO PAYAN UNDETERMINED AMOUNT IN COSTS R.C. § 2929.18(A)(4) WITHOUTCONDUCTING THE INQUIRY REQUIRED BY R.C. §§ 2929.18(A)(5)(a)(ii)AND 2929.19(B).
 {¶ 12} VI. APPELLANT'S TRIAL COUNSEL PROVIDED CONSTITUTIONALLYINEFFECTIVE ASSISTANCE BY FAILING TO CHALLENGE THE TRIAL COURT'SINACCURATE CHARACTERIZATION OF APPELLANT'S CRIMINAL RECORD AND BYFAILING TO PROTECT APPELLANT'S SIXTH AMENDMENT RIGHTS UNDERBLAKELY V. WASHINGTON, 542 U.S. ___, 124 S.CT. 2531 (2004), ANDUNITED STATES V. BOOKER, ___ U.S. ___, 125 S.CT. 738 (2005), WHENCOUNSEL ACQUIESCED IN THE PROSECUTION'S AND TRIAL COURT'S MERESUPPOSITION THAT APPELLANT HAD PREVIOUSLY SERVED A PRISON TERM.COUNSEL'S INEFFECTIVE ASSISTANCE DEPRIVED APPELLANT OF HIS RIGHTSUNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THEUNITED STATES CONSTITUTION AND SECTIONS TEN AND SIXTEEN OF ARTICLE ONEOF THE OHIO CONSTITUTION."
 {¶ 13} Appellant's first, second and third assignments of error allege that the trial court failed to comply with several of Ohio's sentencing statutes when it imposed non-minimum, consecutive sentences on Appellant. Sentencing courts are required, when imposing sentence, to make certain findings, and, in some cases, state their reasons for making those findings, both at the sentencing hearing and in the sentencing entry. R.C.2929.14(B) and (E) and 2929.19(B)(2)(c). See, also, State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 at paragraph one of the syllabus. Sentencing courts must also advise defendants of any post-release control that may be imposed on them in connection with their primary sentences. R.C. 2929.14(F) and 2929.19(B)(3)(c). Failure to do so may result in the sentence imposed being contrary to law, leading to a statutory right of appeal under R.C. 2953.08(A)(4), which provides that a defendant convicted of a felony may pursue an appeal on the ground that the sentence is contrary to law.
 {¶ 14} An appellate court may not reverse a sentence unless its finds, by clear and convincing evidence, that the sentence is not supported by the record or that it is contrary to law. R.C.2953.08(G)(2); See, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, 1998 WL 820035. In applying this standard of review, we do not substitute our judgment for that of the trial court, nor do we defer to its discretion. State v.Keerps, Washington App. No. 02CA2, 2002-Ohio-4806. Rather, we look to the record to determine whether the sentencing court: 1) considered the statutory factors, 2) made the required findings, 3) relied on substantial evidence in the record supporting those findings, and 4) properly applied the statutory guidelines.State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, 1998 WL 513606; citing Griffin Katz, Ohio Felony Sentencing Law (1998), Section 9.16.
 {¶ 15} Appellant's first assignment of error asserts that the record fails to support the trial court's findings that he had previously served a prison term and that his criminal history demonstrates that consecutive sentences were necessary to protect the public from future crime. In his second assignment of error, Appellant asserts that the trial court failed to properly state its reasons for imposing consecutive sentences and relied on an improper sentencing factor in ordering that the sentences be served consecutively. In support of these assertions, Appellant offers the following colloquy, which took place during the sentencing hearing:
"THE COURT: Well, does the State know what this man's prior record is?
MR. GRIMSHAW: Not completely, Your Honor, but we see from a CCH print out that there was apparently an arrest back in '96 for aggravated robbery but we don't know what the results were for that. We do appear to have a felony drug offense somewhere in the early part of I think 2000. I believe he's been incarcerated on that.
THE COURT: It was a drug offense?
MR. GRIMSHAW: A drug offense, I believe, I'm not really sure and I know there are charges that were against him in Lawrence County. We've been bringing him back from Lawrence County but I am not sure what the status is on those. So we're not really prepared as of right now to tell you with 100% certainty what his previous record is.
THE COURT: Mr. Apel, do you wish to enlighten the court as to a prior record? I know he has served a prior prison term. My understanding is that he is on post-release control now.
MR. APEL: That is about all I know Your Honor."
 {¶ 16} Subsequently, and presumably based solely on the foregoing exchange,[1] the court made the following findings:
"THE COURT: I find that the defendant has served a prior prison term and is currently on post release control and further has charges pending in Lawrence County involving drugs and that charge in Lawrence County involves a felony."
 {¶ 17} Regarding the imposition of non-minimum sentences, R.C. 2929.14(B)(1) and (2) provides, in pertinent part, as follows:
"(B) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} We find that the foregoing exchange fails to satisfy the requirements under R.C. 2929.14(B)(1) and (2), as well as R.C. 2953.08(G)(2)(a), which requires that the record support the sentence. R.C. 2929.14(B)(1) and (2) require that, before imposition of a non-minimum sentence, the trial court must either find that the defendant has served a prior prison term or the court must find, on the record, that "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Here, the exchange between the court, defense counsel and the prosecution is less than convincing that Appellant did, in fact, serve a prior prison term. The state conceded that it was unsure of Appellant's prior criminal history; however, the trial court proceeded to find that Appellant had served a prior prison term and was on post-release control.
 {¶ 19} Because the trial court did not rely on a pre-sentence investigation, we can only assume that the trial court based its findings on the sparse information provided by the prosecution.[2] Defense counsel's acquiescence in the trial court's assumption that Appellant had served a prior prison term and was currently on post-release control was equivocal at best. Because it is unclear whether Appellant had served a prior prison term and because the trial court did not make any findings under R.C. 2929.14(B)(2), we find that Appellant's argument regarding the imposition of non-minimum sentences contained in his first assignment has merit. Accordingly we reverse and remand to the trial court for re-sentencing.
 {¶ 20} Regarding the imposition of consecutive sentences, R.C. 2929.14(E)(4)(a)(b) and (c) provides as follows:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 21} The court must make its statutorily enumerated findings and state its reasons supporting those findings, not only in the journal entry, but at the sentencing hearing. R.C.2929.19(B)(2)(c); State v. Scheer, 158 Ohio App.3d 432, 439,2004-Ohio-4792, 816 N.E.2d 602, citing State v. Comer,99 Ohio St.3d 463 at paragraph one of the syllabus. At the sentencing hearing, the trial court stated as follows:
"The Court finds that consecutive sentences are necessary to protect the public and to punish the offender and it's not disproportionate to the conduct and the danger that the offender poses. The Court further finds that this crime was committed while you were under a sanction being post release control, and find that your criminal history shows that consecutive terms are necessary to protect the public and the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct."
 {¶ 22} While the trial correctly recited the required statutory language, we find that it failed to state its reasons for imposing consecutive sentences. In Scheer, we found that the trial court did not clearly align its reasons with its findings, recognizing that although the court's reasons for imposing the sentences might be gleaned from the transcript as a whole, the Supreme Court of Ohio has indicated that strict compliance with the sentencing statutes will be required.Scheer, 158 Ohio App.3d at 440.
 {¶ 23} Here, the trial court found that consecutive sentences were required, but failed to specifically state its reasons for making those findings. Additionally, in order to satisfy R.C.2929.14(E)(4)(a) and (c), the trial court found that Appellant committed the crimes while on post-release control and that Appellant's criminal history demonstrated the need for consecutive sentences. As previously discussed, the trial court's findings with regard to Appellant's current status and prior criminal history were insufficient and did not support the findings made on the record.
 {¶ 24} Appellant further asserts that the trial court relied on an impermissible sentencing factor when imposing consecutive sentences. During the sentencing hearing, but prior to the actual imposition of sentence, the trial court stated as follows:
"I find that the defendant has served a prior prison term and is currently on post release control and further has charges pending in Lawrence County involving drugs and that charge in Lawrence County involves a felony."
 {¶ 25} R.C. 2929.14(E)(4)(c) permits a trial court to impose consecutive sentences if it finds that "[t]he offender's history or criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." "The section permits the court to consider the offender's total criminal history — all of the crimes of conviction and all past offenses, adult and juvenile." Griffin 
Katz, Ohio Felony Sentencing Law, 2004 Ed., § 8:18. Clearly, the trial court relied upon Appellant's pending Lawrence County charges in its decision to impose non-minimum, consecutive sentences. Appellant was yet to be convicted of these charges and, therefore, the trial court's reliance on this factor in sentencing Appellant was in error.
 {¶ 26} As a result, we find that Appellant's second assignment of error has merit, both in regards to the trial court's failure to properly state its reasons for imposing consecutive sentences and also in regards to the trial court's reliance on the impermissible sentencing factor of a charged, but unproven crime. Accordingly, we reverse the sentence and remand to the trial court for re-sentencing.
 {¶ 27} Appellant asserts in his third assignment of error that the trial court violated R.C. 2929.14(F) and2929.19(B)(3)(c) when it sentenced Appellant to a term of post-release control for count 2 of "up to a maximum of five years" and failed to advise him that he was subject to a mandatory term of post-release control of five years. Based upon a review of the record, we agree with Appellant.
 {¶ 28} R.C. 2929.19(B)(3)(c) requires that the court, at the time of sentencing, notify any offender who is imprisoned for a first degree felony that the offender will be supervised after release from prison. The court must also notify the offender of the possible length of the period of supervision. See Woods v.Telb, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103 (post-release control is part of the maximum sentence). In Statev. Hill, Lawrence App. No. 04CA09/04CA11, 2005-Ohio-3491, we held that the trial court failed to inform the defendant of the maximum penalty when it advised him, during the sentencing hearing, that "the maximum penalty could be * * * five years post release control * * *." (Emphasis added). In Hill, the judgment entry stated that "[d]efendant could be subject to post release control by the authorities for any violations of felonies of the first or second degrees and for violent F-3's forup to five (5) years * * *." (Emphasis added). In Hill, we held that this was insufficient because the defendant would receive five years of mandatory post-release control, not a maximum of five years.
 {¶ 29} In the case sub judice, the trial court informed Appellant during the sentencing hearing that:
"Post release control is our new parole system in the State of Ohio. In this particular case I'm going to tell you that it'smandatory, that the maximum term on it is five years, but you'll enter into an agreement with the Parole Authority on how you are going to conduct your life. If you violate that agreement certain things could happen to you. You could spend time in the county jail, the agreement could be modified to become more restrictive upon your life style, the period of time you're on it could beincreased up to a maximum of five years * * *." (Emphasis added).
The trial court's judgment entry stated:
"The Court has further notified the defendant that post release control is optional in this case up to a maximum of 3 years on Count 1, and mandatory in this case up to a maximum of 5 yearson Count 2 * * *." (Emphasis added).
 {¶ 30} It is apparent from the foregoing that the trial court failed to advise Appellant that he would receive five years of mandatory post-release control in connection with his conviction for a first degree felony, as specified in R.C. 2967.28(B)(1). Therefore, we agree with Appellant's third assignment of error and accordingly reverse the decision of the trial court and remand for re-sentencing.
 {¶ 31} Additionally, in response to Appellant's first, second, and fourth assignments of error, Appellee asserts a waiver argument. Appellee argues that because Appellant failed to object to the sentencing errors during the sentencing hearing, he has failed to preserve the issues for appeal. We disagree.
 {¶ 32} In State v. Wheeler, Washington App. No. 04CA1, 2004-Ohio-6598, on facts similar to the case sub judice, we held that "it is unwise to apply a plain error analysis for several reasons. First, it appears that this issue was not raised inComer, but was nevertheless considered by the Ohio Supreme Court. See 99 Ohio St.3d at 465, 793 N.E.2d 473. Second, in light of the gist of the Comer ruling (that the language must be recited directly in to the transcript) we believe that it is impractical to require a specific objection at the sentencing hearing. Even the most diligent of defense counsel could easily miss some of the language, much of it lengthy and confusing, that a trial court judge must recite at a sentencing hearing. To determine whether a court recited the correct language requires a sentence by sentence and a word by word review of the transcript. This is not feasible at the trial court sentencing hearing level." Adhering to this precedent, we find that Appellee's waiver argument fails.
 {¶ 33} In his fourth assignment of error Appellant argues that the trial court violated his rights under the Sixth andFourteenth Amendments to the U.S. Constitution and Sections 5, 10 and 16 of Article One of the Ohio Constitution when it imposed more than the minimum prison terms upon finding that he had served a previous prison term and ordered the sentences to run consecutively based upon factual findings not submitted to and found by the jury by proof beyond a reasonable doubt. Appellant raises this assignment of error based upon the recent decision of the United States Supreme Court in Blakely v. Washington
(2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed. 403.
 {¶ 34} The sentencing scheme at issue in Blakely was a determinate system that required particular sentences in response to particular sets of facts. Blakely, 124 S.Ct. at 2540. Blakely is expressly inapplicable to indeterminate sentencing schemes. Id.; State v. Jenkins, Summit App. No. 22008,2005-Ohio-11, at ¶ 14. As the Blakely court noted, "theSixth Amendment by its terms is not a limitation on judicial power, but a reservation of jury power. It limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. * * * Of course indeterminate schemes involve judicial fact finding, * * * [b]ut the facts do not pertain to whether the defendant has a legal right to a lesser sentence — and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." Blakely, 124 S.Ct. at 2540, see, also, State v. Wilson, Washington App. No. 04CA18,2005-Ohio-830.
 {¶ 35} The United States Supreme Court recently reinforced the distinction between determinate and indeterminate sentencing when it applied Blakely to the federal sentencing guidelines inUnited States v. Booker (Jan. 12, 2005), Nos. 04-104, 04-105,125 S.Ct. 738, 160 L.Ed.2d 621. While invalidating the determinate federal sentencing guidelines, the Booker court noted that the guidelines would not implicate Sixth Amendment concerns if they were indeterminate. The court stated, "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Ohio's sentencing statutes, including R.C. 2929.14(B) "are intended only to structure judicial discretion within an indeterminate sentencing scheme * * *." See, Wilson, supra, citing State v. Berry, Butler App. No. CA2003-02-053,2004-Ohio-6027, at ¶ 40, quoting from Griffin Katz, Ohio Felony Sentencing Law, 482, Section 2.22.
 {¶ 36} This court has found that the sentencing factors found by the judges as part of Ohio's sentencing scheme differ from the facts at issue in both United States v. Apprendi, 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435 and Blakely, supra, and, in fact, do not lend themselves to jury determination. In State. v.Sideris, we noted that Ohio courts have recognized the concept that "[s]entencing determinations related to the unique facts of a crime or the impact of a sentence upon the protection of the public are decisions which have never been consigned to juries." Athens App. No. 04CA37, 2005-Ohio-1055, citing State v.Jenkins, supra, at ¶ 16 (citing State v. Berry, supra, at ¶ 40, and Griffin Katz, Ohio Felony Sentencing Law, 482, Section 2.22). The additional R.C. 2929.14(B), (C) and (E) findings necessary to impose more than a minimum, maximum and consecutive sentence on a first time offender are not the type of findings traditionally reserved to a jury. Sideris at ¶ 16, citingState v. Wheeler, supra, and State v. Scheer, supra. Thus, they are not governed by the Sixth and Fourteenth Amendments to the United States Constitution.
 {¶ 37} Further, relying on an Eighth District case, we have previously reasoned that "Blakely does not address the issue of whether multiple sentences for separate crimes should be served concurrently or consecutively." Wheeler, supra, citing Statev. Madsen, Cuyahoga App. No. 82399, 2004-Ohio-4895 at ¶ 16. Accordingly, because we find the reasoning of the Blakely andBooker line of cases is inapplicable to Ohio's sentencing scheme, we overrule Appellant's fourth assignment of error.
 {¶ 38} In his fifth assignment of error, Appellant argues that the trial court denied his rights to due process and equal protection under the Ohio and United States Constitutions and abused its discretion by sentencing him to pay an undetermined amount in costs under R.C. 2929.18(A)(4) without conducting the inquiry required by R.C. 2929.18(A)(5)(a)(ii) and 2929.19 (B). After a review of the record, we agree, in part with Appellant's argument.
 {¶ 39} During the sentencing hearing, the trial court ordered the following:
"It will be the sentence of this Court that you be assessed no fine but be ordered to pay costs of prosecution [on the charge of possession of crack cocaine]. * * * On the charge of tampering with evidence, a felony of the third degree, it will be the sentence of this Court that you be assessed no fine but be ordered to pay costs of prosecution * * *." (Emphasis added).
 {¶ 40} However, in the sentencing entry, the trial court stated the following:
"Defendant is to pay the costs of this prosecution taxed at $____, for which execution is hereby awarded. Said court costs are to include the $41.00 as mandated by O.R.C. section 2949.091, and the additional $30.00 as mandated by O.R.C. section 2743.70.Defendant is further ordered to pay any fees permitted pursuantto Revised Code section 2929.18 (A)(4)." (Emphasis added).
 {¶ 41} Clearly, there is a discrepancy between the sentencing hearing transcript and the sentencing entry. Appellant only challenges the trial court's imposition of costs under 2929.18 (A)(4), which includes "[a] state fine or costs as defined in section 2949.111 of the Revised Code." Appellant does not challenge the trial court's imposition of "costs of prosecution," which were imposed pursuant to R.C. 2947.23, rather than 2929.18, and which we have previously held to be proper, even as against indigent defendants. See State v. Whited, Washington App. No. 04CA31, 2005-Ohio-2224, citing State v. White,103 Ohio St.3d 580, 817 N.E.2d 393, 2004-Ohio-5989, at paragraph one of the syllabus. Therefore, we affirm the trial court's imposition of costs of prosecution under R.C. 2947.23; however, we find that Appellant's argument regarding the costs imposed pursuant to R.C.2929.18(A)(4) in the trial court's sentencing entry has merit.
 {¶ 42} R.C. 2929.19(B)(6) provides that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code[,] * * * the court shall consider the offender's present and futureability to pay the amount of the sanction or fine." (Emphasis added). This statute does not require a trial court to hold a specific hearing on the issue of ability to pay, although courts may choose to do so. State v. Kelly (2001),145 Ohio App.3d 277, 282, 762 N.E.2d 479; State v. Sillett, Butler App. No. CA2000-10-205, 2002-Ohio-2596; State v. Southerland, Butler App. No. CA2001-06-153, 2002-Ohio-1911. Rather, the statute requires a court to consider the offender's present and future ability to pay. See State v. Martin (2000),140 Ohio App.3d 326, 338, 747 N.E.2d 318 and State v. Karnes (Mar. 29, 2001), Athens App. No. 99CA42.
 {¶ 43} Although preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction. Rather, courts look to the totality of the record to see if the requirement has been satisfied. As we noted in State v. Slater,
Scioto App. No. 01CA2806, 2002-Ohio-5343 at ¶ 8, compliance with the statute can be shown when a court considers a pre-sentence investigation report (PSI) that details pertinent financial information (see e.g. Martin, supra; Karnes, supra) or when a transcript reflects that a court at least considered a defendant's ability to pay. See e.g. State v. Finkes, Franklin App. No. 01AP-310, 2002-Ohio-1439; State v. McDonald, Delaware App. No. 01CA08033, 2002-Ohio-1122.
 {¶ 44} In the case sub judice, we find no indication in the record that the trial court considered appellant's ability to pay the financial sanction that it imposed under R.C. 2929.18 (A)(4). We find no mention of the topic in the final judgment entry or in the transcript. Further, a review of the record reveals that the trial court failed to impose costs under R.C. 2929.18 (A)(4) at the sentencing hearing, and only included this order in its sentencing entry. Thus, we cannot find that the trial court complied with R.C. 2929.19 (B)(6) and considered whether Appellant had the present or future ability to pay this financial sanction. Accordingly, we find this part of Appellant's fifth assignment of error has merit and therefore we reverse and remand to the trial court for further proceedings consistent with this opinion.
 {¶ 45} Appellant also seems to argue that the trial court failed to conduct an inquiry into his ability to pay, as required by R.C. 2929.18(A)(5)(a)(ii). R.C. 2929.18(A)(5)(a)(ii) relates to costs of confinement, which were not imposed in this case. Therefore, we overrule this aspect of Appellant's fifth assignment of error.
 {¶ 46} Appellant's sixth and final assignment of error alleges ineffective assistance of counsel. Because the errors alleged by Appellant have already been addressed in the handling of assignments of error one, two, and four, we decline to address this assignment of error as it has been rendered moot.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED IN PART, AFFIRMED IN PART AND REMANDED and that the Appellee and the Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, P.J. Abele, J.: Concur in Judgment Opinion.
[1] It appears from the record that the trial court did not request nor rely upon a pre-sentence investigation report prior to sentencing Appellant.
[2] While we recognize that there is no requirement of a pre-sentence investigation when probation is not at issue, had the trial court ordered that one be performed in this case, the uncertainty regarding Appellant's prior criminal history would have been avoided.