OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Jeffrey Gray, filed February 13, 2006. Gray pled guilty to arson and a felony-three possession of marijuana charge in January of 2005, and he was sentenced to community control sanctions. The State appealed, and we remanded this matter after determining that the trial court erred in not imposing a mandatory fine upon Gray as part of his sentence for possession of marijuana, pursuant to R.C. 2929.18(B)(1). At the time of the initial sentencing, Gray did not file an affidavit of indigency. Two days before resentencing, Gray did file an affidavit of indigency which the trial court considered. Again, the trial court did not impose the mandatory fine, and the State again appeals. The state's sole assignment of error is as follows:
 {¶ 2} "THE LOWER COURT LACKED AUTHORITY TO WAIVE IMPOSITION OF THE MANDATORY FINE ON REMAND."
 {¶ 3} R.C. 2929.18 provides that for "* * * a third degree felony violation of any provision of Chapter 2925, * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender." The maximum statutory fine authorized for Gray's felony-three possession charge is $10,000.00, and the mandatory amount is accordingly at least $5000.00.
 {¶ 4} The State argues that the trial court was obligated on remand to proceed from the point at which it committed error, namely at sentencing, and that the trial court "simply did not possess jurisdiction to go back in time to a point prior to the error, take evidence that Gray had not supplied in the first instance, and determine, based on that new evidence, that he was indigent." Gray did not file a brief.
 {¶ 5} We disagree with the State's argument that the trial court erred in considering Gray's affidavit of indigency. R.C.2929.19(B)(6) provides: "Before imposing a financial sanction under section 2929.18 of the Revised Code * * * the court shall
consider the offender's present and future ability to pay the amount of the sanction * * *." (Emphasis added.) See State v.Berry, Scioto App. No. 04CA2961, 2006-Ohio-244 (reversing and remanding where the trial court failed to comply with R.C.2929.19(B)(6) and consider Appellant's ability to pay the financial sanction imposed by 2929.18).
 {¶ 6} Further, the law-of-the-case doctrine did not prohibit the trial court from considering the affidavit of indigency. "The doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal question involved for all subsequent proceedings in the case at both the trial and the reviewing levels. * * * [T]he doctrine functions to compel trial courts to follow the mandates of reviewing courts." Thomasv. Thomas (Dec. 12, 1997), Greene App. No. 97 CA 10. "Because the law-of-the-case doctrine is a rule of practice rather than a rule of substantive law, the doctrine `will not be applied so as to achieve unjust results.'" Id. Our order did not prohibit the trial court from considering Gray's affidavit of indigency, and to hold otherwise would achieve the unjust result that the State herein prefers, namely to impose a mandatory fine upon an indigent offender in complete disregard of his ability to pay. The State's assignment of error is overruled, and the judgment of the trial court is affirmed.
Brogan, J. and Fain, J., concur.