DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Arthur E. Phillips, III, appeals from a judgment entered against him by the Fulton County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} On January 12, 2005, appellant was indicted on a single count of forgery, in violation of R.C. 2913.31(A)(3), a felony of the fifth degree. On October 28, 2005, appellant withdrew his former plea of not guilty, and entered a plea of guilty to the offense as charged in the indictment. Pursuant to a plea agreement, appellee, the state of Ohio recommended: 1) a prison term of 11 months to be served concurrently with previously imposed prison terms in Paulding and Williams counties; and 2) that appellant be granted credit for time served since May 12, 2005. Appellant agreed to pay restitution in the amount of $264.10.
 {¶ 3} At the October 28 hearing, appellant stated that he served three years in the army, attaining the rank of private, first class. He also stated that he had worked at Ford Motor Company, that he had a CDL license and a culinary arts degree, and that he had worked as a chef in Lima, Ohio, for years. Appellant said, "[T]he opportunity has always been there." He further stated, "I work eight hours a day, I mean, I have no problem getting a job."
 {¶ 4} When appellant's counsel addressed the trial court, he stated that appellant is educated and eloquent, and that appellant did his own legal research regarding the Interstate Agreement on Detainers, which resulted in the dismissal of charges against him in Defiance County.
 {¶ 5} Before imposing a sentence consistent with the plea agreement, the trial court stated to appellant, "You are going to get that debt paid * * *." In addition to imposing the agreed-upon 11 month prison term, the trial court ordered appellant to pay restitution in the amount of $246.10, all costs of prosecution, court-appointed counsel fees, and any fees permitted pursuant to R.C. 2929.18(A)(4).
 {¶ 6} Appellant timely appealed the judgment entry of sentence, raising the following assignments of error:
 {¶ 7} I. "THE TRIAL COURT ERRED AT SENTENCING IN ORDERING THE DEFENDANT-APPELLANT TO PAY ANY RESTITUTION, ALL PROSECUTION COSTS, COURT APPOINTED COUNSEL FEES, AND ANY FEES PERMITTED PURSUANT TO OHIO REVISED CODE § 2929.18(A)(4) WITHOUT CONSIDERING THE PRESENT AND FUTURE ABILITY OF DEFENDANT-APPELLANT TO PAY THE SANCTIONS IMPOSED."
 {¶ 8} II. "THE TRIAL COURT ERRED AT SENTENCING IN ORDERING THE DEFENDANT-APPELLANT TO PAY COURT APPOINTED COUNSEL FEES WITHOUT CONSIDERING THE PRESENT AND FUTURE ABILITY OF DEFENDANT-APPELLANT TO PAY AND ENTERING A SEPARATE CIVIL JUDGMENT."
 {¶ 9} Appellant argues in his first assignment of error that the trial court erred in ordering appellant to pay restitution, prosecution costs, court appointed counsel fees, and any fees permitted pursuant to R.C. 2929.18(A)(4), because the court failed to consider the present and future ability of appellant to pay the sanctions imposed. He argues in his second assignment of error that the trial court erred in ordering appellant to pay court appointed counsel fees, both because the court failed to consider the present and future ability of appellant to pay those fees and because the court failed to enter a separate civil judgment for them.
 {¶ 10} We note at the outset that separate rules govern the imposition of the various costs, fees, and sanctions that are at issue in this case. For this reason, we must address each item individually. Further, because appellant's first and second assignments of error involve overlapping questions concerning the appropriateness of the imposition of court appointed counsel fees, we will examine the two together.
 {¶ 11} We begin with an examination of the order of restitution. In the instant case, appellant and appellee agreed that, as part of appellant's sentence, appellant would be required to pay restitution to the victim, Chief Supermarket, in the amount of $246.10.[1] The trial court then imposed an order consistent with the agreed-upon portion of the sentence.
 {¶ 12} R.C. 2953.08(D) relevantly provides that "[a] sentence imposed upon a defendant is not subject to review under this section [dealing with grounds for appeal for a felony offense] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge."
 {¶ 13} It is undisputed that the sanction of restitution is authorized by law. See R.C. 2929.18(A)(1) (providing that a trial court may order an offender to pay restitution to the victim of the offense). Because the restitution sanction imposed in the current case was both agreed-upon and authorized by law, it is not subject to our review.
 {¶ 14} We next consider the propriety of the trial court's imposition of court costs. We begin with the question of whether this issue was preserved for appeal. The Supreme Court of Ohio inState v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, recently held that "an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." Id., at ¶ 23. Appellant did not move the trial court to waive payment of costs at the time of sentencing. Accordingly, we are compelled to find that the issue is waived and the costs are res judicata.
 {¶ 15} Even assuming, arguendo, that the issue had not been waived, we are mindful that the costs of prosecution must be assessed against all defendants. State v. Threatt, supra. Although a trial court may, in its discretion, waive those costs for the indigent defendant, it is not required to do so. Statev. White (2004), 103 Ohio St.3d 580, 2004-Ohio-5989, at ¶ 14. Thus, the trial court did not err in assessing prosecution costs to appellant.
 {¶ 16} Next, we examine the trial court's imposition of fees permitted pursuant to R.C. 2929.18(A)(4). With respect to these fees, R.C. 2929.19(B)(6) provides:
 {¶ 17} "Before imposing a financial sanction under section2929.18 of the Revised Code * * *, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."
 {¶ 18} Although the court is not required to hold a hearing to make this determination, there must be some evidence in the record that the court considered the offender's present and future ability to pay the sanction imposed. State v. Lamonds,
6th Dist. No. L-03-1100, 2005-Ohio-1219, at ¶ 42. And, "[a]lthough preferable for appellate review, a trial court need not explicitly state in its judgment entry that it considered a defendant's ability to pay a financial sanction." State v.Berry, 4th Dist. No. 04CA2961, 2006-Ohio-244, at ¶ 43. An appellate court will look to the totality of the record to determine whether the requirement has been satisfied. Id.
 {¶ 19} In the instant case, appellant and his counsel provided abundant evidence concerning appellant's ability to pay the fees permitted under R.C. 2929.18. At the hearing, appellant spoke at length about his employment qualifications and experience. He also stated that he always had opportunities and that he never had a problem getting a job. Appellant's counsel then volunteered that that appellant was educated, eloquent, and able to do legal research. Based upon the totality of the record, we find that the R.C. 2929.19(B)(6) requirement that the trial court consider an offender's ability to pay was satisfied in this case.
 {¶ 20} Finally, we will consider the issue of court appointed counsel fees. The imposition of costs for such fees is governed by R.C. 2941.51. R.C. 2941.51(D) authorizes the court to assess appointed counsel fees and costs if "the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person." R.C.2941.51(D). This court has held that in order for costs of appointed counsel to be imposed upon an offender, there must be a finding on the record that the defendant has the ability to pay.State v. John, 6th Dist. No. L-03-1261, 2005-Ohio-1218, at ¶ 37 (citations omitted).
 {¶ 21} Upon review of the sentencing portion of the October 28, 2005 transcript, we find that the trial court did consider appellant's future ability to pay the costs of court appointed counsel. The above-mentioned statements by appellant and his counsel concerning appellant's employment qualifications and capabilities provided ample evidence to support a finding that appellant could reasonably be expected to have the means to meet those costs. But the court made no such finding on the record.[2] In light of this failure, we are constrained to find that the imposition of court appointed counsel costs in this case was in error. Accordingly, appellant's first and second assignments of error are found well-taken in part, and not well-taken in part.
 {¶ 22} The judgment of the Fulton County Court of Common Pleas is affirmed to the extent that it ordered appellant to pay restitution, the costs of prosecution, and other costs pursuant to R.C. 2929.18(A). To the extent that it ordered appellant to pay the costs of court-appointed counsel, the judgment is reversed and remanded to the trial court for further proceedings consistent with this decision.[3] Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J., Skow, J., Parish, J., concur.
[1] Although appellant denies that there was any such joint recommendation, review of the hearing transcript makes clear that there was. At the start of the hearing, the prosecutor stated the following regarding the plea agreement: "In exchange for the Defendant's plea of guilty to the one count in the Indictment, which alleges forgery, a felony of the fifth degree, the State has agreed to recommend to this Court that it sentence the Defendant to eleven months in prison, to be served concurrently with a concurrent six month prison terms that the Defendant received from Paulding and Williams Counties. Those are all also for forgery. And that the State recommend that the Defendant be granted credit for time served back from May 12th, 2005, when he first appeared in those other two courts, and that finally thathe agrees to make restitution for the check in question." (Emphasis added.)
Later in the hearing, the following exchange occurred between the trial court and appellant himself:
THE COURT: "Now this is a plea agreement as I understand it, Mr. Phillips, you have agreed to enter a plea of guilty to this charge. The State has agreed to recommend an eleven month sentence to be run concurrently with the sentences currently — you are serving currently out of Paulding and Williams County. Further the State has agreed to recommend a credit for time served back to, and effective, May 12 of 2005, and you haveagreed to make restitution to Chief Supermarket in the amount of$246.10; is that correct?" (Emphasis added.)
MR. PHILLIPS: "Yes, sir."
[2] Although appellee argues that the court's statement to appellant that appellant was "going to get that debt paid" constituted a finding on the record of appellant's ability to pay his court appointed counsel fees, our review of the record reveals that this statement was made specifically in connection with appellant's restitution obligation.
[3] If the court ultimately does make a finding on the record that appellant has the ability to pay court appointed counsel fees, it must then enter a separate judgment for the attorney fees or any part thereof that the court finds the appellant has the ability to repay. State v. Cole, 6th Dist. Nos. L-03-1163, L-03-1162, 2005-Ohio-408, at ¶ 28.