DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from the judgment of the Lucas County Court of Common Pleas which, following pleas of no contest to rape, a felony of the first degree, in violation of R.C.2907.02(A)(1)(b), and abduction, a felony of the third degree, in violation of R.C. 2905.02(A)(2), found appellant, Chad Bork, guilty and sentenced him to ten years imprisonment for rape, and five years for abduction, to be served consecutively. The trial court additionally found appellant to be a sexual predator, *Page 2 
as defined by R.C. 2950.01(E). Appellant timely appealed his sentence and sexual predator classification. The state failed to respond to appellant's appeal.
 {¶ 2} On appeal, appellant raises the following assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court erred to the prejudice of Mr. Bork by sentencing him to consecutive, non-minimum sentences in violation of his right to protection from Ex Post Facto sentencing and his right to due process as guaranteed by the Fifth, Sixth, Eighth andFourteenth Amendments to the United States Constitution and the applicable portions of the Ohio Constitution or, in the alternative, trial counsel was ineffective in not raising the Ex Post Facto issue.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court erred to the prejudice of Mr. Bork by failing to make an adequate record to support its finding that he should be classified as a sexual predator in violation of his right to due process as guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the applicable portions of the Ohio Constitution.
 {¶ 7} "Assignment of Error No. 3
 {¶ 8} "The trial court erred to the prejudice of Mr. Bork when it ordered him to pay unspecified costs, including court appointed fees, without first determining the ability to pay those costs." *Page 3 
 {¶ 9} The offense in this case took place on August 12, 2004. Through DNA testing, appellant was identified as the potential assailant. He was indicted on November 22, 2006, pled no contest on January 17, 2007, and was sentenced on February 7, 2007, in compliance with the Ohio Supreme Court's ruling in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Pursuant to his pleas, the state asserted that the facts at trial would have established that the victim was an 11 years-old girl, who was abducted from a Toledo park by appellant while playing hide-and-seek with her cousin and appellant; that appellant performed cunnilingus on the victim and made her perform fellatio; and that appellant threatened the victim and would not let her leave until she promised to return the following day.
 {¶ 10} In his first assignment of error, appellant argues that the trial court violated his rights to due process and protection from ex post facto sentencing by ordering him to serve consecutive, non-minimum sentences. In the alternative, appellant argues that he was denied the effective assistance of trial counsel because counsel failed to object to his sentence on these bases.
 {¶ 11} This court has repeatedly rejected ex post facto and due process challenges to Foster. See State v. Coleman, 6th Dist. No. S-06-023, 2007-Ohio-448, ¶ 23; State v. Barber, WD-06-036,2007-Ohio-2821; State v. Johnson, L-06-1364, 2007-Ohio-3470; State v.Robinson, L-06-1205, 2007-Ohio-3577. Pursuant to Strickland v.Washington (1984), 466 U.S. 668, 686, to establish that he was provided ineffective assistance of counsel, appellant must demonstrate that counsel's performance was deficient and that he *Page 4 
was prejudiced by the deficient performance. Assuming arguendo that trial counsel's representation was deficient for failing to object, we nevertheless find that appellant was not prejudiced by the alleged deficiency because, even if trial counsel had objected, appellant would not have prevailed on the due process or ex post facto arguments on appeal. See Coleman. Accordingly, we find appellant's first assignment of error not well-taken.
 {¶ 12} Appellant argues in his second assignment of error that the trial court erred to his prejudice by failing to make an adequate record to support its finding that he should be classified as a sexual predator. Appellant asserts that although the trial court made reference to the psychologist's report, who conducted a review for sexual classification purposes, the trial court failed to refer to any specific factor on the record that would establish by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 13} In State v. Eppinger (2001), 91 Ohio St.3d 158, 166-167, the Ohio Supreme Court adopted a model procedure for trial courts, prosecutors, and defense attorneys to adhere to for sexual offender classification hearings: (1) "it is critical that a record be created for review," meaning that "those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses" should be identified on the record; (2) "an expert may be required *Page 5 
* * * to assist the trial court in determining whether the offender is likely to engage in the future in one or more sexually oriented offenses"; and (3) "the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2),[1] and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." The Ohio Supreme Court noted that each criteria listed in R.C. 2950.09 does not need to be listed by the trial court, but held that the factors considered by the trial court in making its determination should be identified by the trial court for purposes of appeal and to "ensure a fair and complete hearing for the offender." Id. at 167.
 {¶ 14} The version of R.C. 2950.09(B)(3) applicable to appellant's sentencing stated that, in determining whether appellant is a sexual predator, the court must consider the following factors: (1) the offender's age; (2) the offender's prior criminal record, including, but not limited to, all sexual offenses; (3) the age of the victim; (4) whether the offense involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim; (6) if the offender that has previously been convicted of a sex offense or a sexually oriented offense participated in available programs for sexual offenders; (7) mental illness or disability of the offender or victim; (8) if the offender's conduct was a demonstrated pattern of abuse; (9) if the offender displayed cruelty or made threats of cruelty during the commission of the sexually oriented offense; and (10) any additional *Page 6 
behavioral characteristics that contribute to the offender's conduct. There is no requisite number of these factors that must apply before a trial court may find that an offender is a sexual predator, and the trial court may place as much or as little weight on any of the factors as it deems to be appropriate. State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, ¶ 19; State v. Umbel, 6th Dist. No. WD-06-074,2008-Ohio-476, ¶ 22.
 {¶ 15} The state is required to establish that an offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469. Nonetheless, because sexual predator proceedings are civil in nature, our standard of review on appeal is civil manifest weight. State v. Wilson,2007-Ohio-2202, ¶ 32. Therefore, we must affirm the trial court's judgment if some competent, credible evidence exists to support the trial court's finding that the state proved, by clear and convincing evidence, that appellant is a sexual predator. Id. at ¶ 41 and 42. See, also, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. When reviewing a judgment under a manifest-weight-of-the-evidence standard, this court has an obligation to presume that the findings of the trier of fact are correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81.
 {¶ 16} In this case, the trial court stated that it relied on the report of Gregory E. Forgac, Ph.D., submitted by the Court Diagnostic and Treatment Center, in finding that appellant should be classified as a sexual predator. Dr. Forgac determined that *Page 7 
appellant's actuarial risk assessment indicated that appellant had a "medium-high" risk of sex offense recidivism. In arriving at his recommendation that appellant be classified a sexual predator, Dr. Forgac considered the victim's age, which was 11 years-old at the time of the offense; the reported threats made by appellant during the offense to get the victim to comply; and the number of incarcerations appellant has served, beginning when he was a juvenile. Additional factors available for the court's consideration included the victim's allegation that appellant would not let her leave until she promised to return the following day. Accordingly, we find that there was some competent, credible evidence to support the trial court's finding that appellant was a sexual predator. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 17} Appellant argues in his third assignment of error that the trial court erred by ordering him to pay unspecified costs, including court appointed fees, without first determining his ability to pay those costs. Appellant asserts that there must be some evidence of a criminal defendant's present and future ability to pay such sanctions before they can be imposed.
 {¶ 18} Appellant failed to move the court to waive costs at the time of sentencing and, therefore, did not preserve the issue of costs on appeal. State v. Berry, 6th Dist. No. L-05-1048, 2007-Ohio-94, ¶ 53; andState v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905, ¶ 23. Even if appellant had not waived this issue, "costs of prosecution must be assessed against all defendants." Id. *Page 8 
 {¶ 19} We next determine whether the court below erred in imposing fees pursuant to R.C. 2929.18. R.C. 2929.19(B)(6) requires a trial court to consider an offender's present and future ability to pay before imposing any sanction under R.C. 2929.18. "While a court is neither required to hold a hearing to make this determination nor to indicate in its judgment entry that it considered a criminal defendant's ability to pay, there must be some evidence in the record to show that the court did consider this question." Berry at ¶ 54, citing State v.Phillips, 6th Dist. No. F-05-032, 2006-Ohio-4135, ¶ 18. An appellate court examines the totality of the record when deciding whether this requirement was satisfied. Id.
 {¶ 20} The trial court stated on the record that appellant was "found to have or reasonably may be expected to have the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law." In its judgment entry, the trial court additionally ordered that appellant was to pay the cost assessed pursuant to R.C. 9.92(C), 2929.18, and 2951.021. This court's review of the record indicates that the trial court had before it information that, in spite of his incarcerations, appellant was employed, for the 12 years prior to his sentencing, in the field of construction work, installed floor coverings, and worked for Sherwin Williams from 1996 to 2006. Accordingly, we find that there was some evidence in the record to demonstrate that the trial court could actually have considered appellant's ability to earn a living and whether he had the present and future ability to pay any sanctions imposed pursuant to R.C. 2929.18. *Page 9 
 {¶ 21} In order to impose appointed counsel fees and costs on an offender, that person must have "or reasonably be expected to have, the means to meet some part of the cost of the services rendered to the person." R.C. 2941.51(D); Phillips, 2006-Ohio-4135, ¶ 20. As such, this court has previously held that in order to assess the costs of a criminal defendant's appointed counsel, a trial court must make a finding on the record that a criminal defendant has the ability to pay.Berry, 2007-Ohio-94, ¶ 56, citing Phillips, ¶ 20. We find that the court below made the requisite finding and that its finding was supported by clear and convincing evidence in the record. See State v. Knight, 6th Dist. No. S-05-007, 2006-Ohio-4807, ¶ 7. Accordingly, we find appellant's third assignment of error not well-taken.
 {¶ 22} On consideration whereof, this court finds that the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 10 
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., Concur.
[1] At the time of appellant's sentencing, the factors referenced inEppinger were located at R.C. 2950.09(B)(3). *Page 1