[Cite as *State v. Horner*, 2016-Ohio-7113.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                     Court of Appeals No.  WD-15-065

    Appellee                              Trial Court No. 2014CR0395

v.

Megan Horner                                  **DECISION AND JUDGMENT**

    Appellant                             Decided:   September 30, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Alyssa Blackburn,
David T. Harold, Channa B. Beard, Assistant Prosecuting Attorneys, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Megan Horner, appeals the judgment of the Wood County Court

of Common Pleas, sentencing her to 17 months in prison and ordering her to pay the

costs of prosecution upon a finding that she violated the terms of her community control. Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} On December 19, 2014, appellant was found guilty of one count of trespass in a habitation, and was consequently sentenced to three years of community control and ordered to complete a correctional treatment facility (CTF) program. Shortly thereafter, appellant was unsuccessfully terminated from the CTF program due to inappropriate sexual comments and touching, in violation of the Prison Rape Elimination Act. Because of appellant's termination from the CTF program, the state filed a petition for revocation of her community control on January 7, 2015. Following several continuances of the petition, the court ultimately continued appellant's community control and ordered her to reenter the CTF program.

{¶ 3} On August 24, 2015, appellant was once again terminated from the CTF program for making inappropriate sexual comments. Once again, the state filed a petition to have appellant's community control revoked. This time, the trial court held a hearing on the petition and decided to revoke appellant's community control. As a result, appellant was ordered to serve 17 months in prison and pay the costs of her prosecution. It is from this order that appellant now appeals.

## B. Assignments of Error

{¶ 4} On appeal, appellant presents the following assignments of error:

2.

1. The trial court committed error to the prejudice of Appellant by imposing the costs of prosecution without consideration of Appellant's present or future ability to pay.

2. Appellant received ineffective assistance of counsel in violation of [her] rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §10 of the Constitution of the State of Ohio.

## II. Analysis

{¶ 5} In her first assignment of error, appellant argues that the trial court erred in ordering her to pay the costs of prosecution without first finding that she had the present or future ability to pay such costs. Concerning mandatory costs such as the costs of prosecution, it is well settled that "an indigent defendant must move a trial court to waive payment of costs at the time of sentencing. If the defendant makes such a motion, then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata." *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. Here, the record is clear that no motion was made to waive payment of the costs of prosecution. Therefore, the application of res judicata bars appellant's challenge to these costs on appeal and appellant's first assignment of error is not well-taken. *State v. Maloy*, 6th Dist. Lucas No. L-10-1350, 2011-Ohio-6919, ¶ 10.

3.

**{¶ 6}** In appellant's second assignment of error, she argues that her trial counsel was ineffective for failing to move the court to waive the costs of prosecution. To demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show that counsel's performance fell below an objective standard of reasonableness, and that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Strickland* at 687-688. Here, appellant has failed to demonstrate that the result of the proceedings would have been different had the alleged errors not occurred.

**{¶ 7}** R.C. 2947.23(A)(1) provides, "In all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution * * *." This requirement has been held to apply even to indigent defendants. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. Nevertheless, a trial court may, in its discretion, waive these costs. *Id.*; *State v. Phillips*, 6th Dist. Fulton No. F-05-032, 2006-Ohio-4135, ¶ 15. However, in order to establish ineffective assistance of counsel based upon counsel's failure to object to the imposition of mandatory costs of prosecution, an appellant must demonstrate that a "reasonable probability" exists that the lower court would have waived payment of the costs had appellant so moved. *See Maloy* at ¶ 12, citing *State v. King*, 6th Dist. Wood No. WD-09-069, 2010-Ohio-3074, ¶ 11. Here, appellant has made no such demonstration. Thus, we find that appellant was not deprived

4.

of the effective assistance of trial counsel. Accordingly, appellant's second assignment of error is not well-taken.

## III. Conclusion

**{¶ 8}** The judgment of the Wood County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.              _____
                                                              JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.              _____
CONCUR.                                                      JUDGE

                                  _____
                                                              JUDGE